[Civ. No. 21022. First Dist., Div. Two. Sept. 16, 1963.]

JOSEPH ORLANDO, Plaintiff and Appellant, v. LUCILLE BERKELEY et al., Defendants and Respondents.

Andrew P. Smirnoff for Plaintiff and Appellant.

Robert P. Praetzel for Defendants and Respondents.

SHOEMAKER, Acting P. J.—This is an appeal by plaintiff Joseph Orlando from a judgment in favor of defendants Lucille and Walter Berkeley, entered upon the granting of defendants' motion for summary judgment.

The complaint alleges that on May 19, 1961, plaintiff entered into a written contract to purchase a home property from defendants for the agreed consideration of $15,500; that plaintiff made the purchase in reliance on defendants' representations that the house was in good condition and fit for occupancy; that defendants well knew that these representations were in fact untrue in that a great portion of the house was termite ridden and decayed by damp rot; that defendants concealed this fact from plaintiff and induced him, by means of false representations, to enter into a contract of sale; that plaintiff did not discover the defective condition of the house until a reasonable time after he had taken possession of the property; that he would never have purchased the property had he known of its true condition; that the reasonable cost of repairing the house was $6,000.

Defendants answered, denying that they had been guilty of fraud and further asserting, as a separate affirmative defense, that the deposit receipt agreement entered into by the parties expressly provided that ''Buyer agrees to waive termite clearance and to absolve seller of any warranty, accepting house *AS IS*.'' A copy of the deposit receipt agreement, dated May 19, 1961, was incorporated by reference into the answer.

Defendants subsequently moved for summary judgment, filing in support thereof the affidavit of defendant Walter Berkeley. This affidavit (which purports to have been made on behalf of both the affiant and his wife, Lucille Berkeley) avers that neither defendant ever met, saw or spoke to plaintiff; that they made no oral representations to him; and that the only representations made were those set forth in the deposit receipt agreement of May 19, 1961.

In opposition thereto, plaintiff filed a declaration under penalty of perjury to the effect that he had not agreed to waive termite clearance, to absolve the seller of any war-

ranty, or to accept the house "as is"; that the notations in the contract pertaining to these matters were added by the broker after plaintiff had signed the contract; that plaintiff never approved, authorized or ratified these notations; that there was no delivery of the portion of the contract bearing these notations.

It is elementary that in passing upon a motion for summary judgment, the primary duty of the trial court is to decide whether there is an issue of fact to be tried. (*D. E. Sanford Co.* v. *Cory Glass etc. Co.* (1948) 85 Cal.App.2d 724, 726 [194 P.2d 127].) It is settled that any doubt in granting summary judgment should be exercised against the moving party. (*Family Service Agency of Santa Barbara* v. *Ames* (1958) 166 Cal.App.2d 344, 348 [333 P.2d 142].) In order to prevail, the moving party's affidavits must state facts establishing every element necessary to sustain a judgment in his favor. (*House* v. *Lala* (1960) 180 Cal. App.2d 412, 416 [4 Cal.Rptr. 366].) If the trial court finds a single issue of fact, it is powerless to proceed further and must allow such issue to be tried. (*Walsh* v. *Walsh* (1941) 18 Cal.2d 439, 441 [116 P.2d 62].)

In the present case, the granting of summary judgment appears to have been predicated primarily upon the deposit receipt agreement which respondents incorporated as a part of their answer. Respondents assert that their answer was filed on November 20, 1961, but that appellant made no attempt to deny the genuineness or due execution of any part of the contract incorporated therein until June 11, 1962, the date upon which appellant filed his declaration in opposition to the motion for summary judgment. Code of Civil Procedure, section 448, provides that when the defense to an action is founded upon a written instrument, a copy of which is annexed to the answer, the genuineness and due execution of such instrument are deemed admitted unless the plaintiff files an affidavit denying the same within 10 days after receiving a copy of the answer. Appellant expressly concedes that he did not comply with this section.

By admitting the "genuineness" of an instrument, a party admits that the document pleaded is the identical instrument which it purports to be; that it appears in the *exact form* in which it passed between the parties; that it was regularly signed and delivered in the form in which it appears; and that it is not spurious, counterfeit, or of different import on its face from the original document. (*Moore* v. *Copp* (1897) 119 Cal. 429, 432 [51 P. 630];

*Gajanich* v. *Gregory* (1931) 116 Cal.App. 622, 630 [3 P.2d 389]; *Stoneman* v. *Fritz* (1939) 34 Cal.App.2d 26, 28 [92 P.2d 1035].)

Having failed to proceed in accordance with the code section, appellant's declaration in opposition to the motion for summary judgment was of no effect whatever.

The question remains as to whether or not appellant's cause of action for fraud was totally foreclosed by his act of signing the deposit receipt agreement of May 19, 1961. An examination of the pertinent California authorities reveals that this question must be resolved in appellant's favor. Civil Code, section 1668, provides that ''All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, ... whether willful or negligent, are against the policy of the law.'' In the recent case of *Lingsch* v. *Savage* (March 1963) 213 Cal.App.2d 729 [29 Cal.Rptr. 201], plaintiffs alleged that they had been induced to purchase certain real property by the defendant-sellers' fraudulent concealment of the fact that the building located upon the property was in a state of disrepair, that the units contained therein were illegal, and that the building had been placed for condemnation by the appropriate officials. The trial court sustained a demurrer to the complaint without leave to amend upon the ground that the contract of sale expressly provided that plaintiffs were purchasing the property '' '*in its present state and condition*' '' and that '' 'No representations, guaranties or warranties of any kind or character have been made by any party hereto, or their representatives which are not herein expressed.' '' (Pp. 733, 734.) On appeal, the judgment was reversed, with the court holding that neither provision precluded plaintiffs from stating a cause of action for actionable fraud. In so holding, the court construed the ''as is'' provision to mean only ''that the buyer takes the property in the condition visible to or observable by him.'' (Pp. 740-742.) The court stated that '' [to] enlarge the meaning of such a provision so as to make it operative against all charges of fraud would be to permit the seller to contract against his own fraud contrary to existing law. (Civ. Code, § 1668.)'' (P. 742.) (To the same effect, *Rothstein* v. *Janss Investment Corp.* (1941) 45 Cal.App.2d 64 [113 P.2d 465], and *Smith* v. *Rickards* (1957) 149 Cal.App.2d 648 [308 P.2d 758].)

These authorities demonstrate that appellant's action for fraud was not barred by the provision in the deposit receipt agreement that ''Buyer agrees to waive

termite clearance and to absolve seller of any warranty, accepting house *AS IS.*" The mere fact that appellant agreed to waive a termite clearance does not establish that he knew that the house was in fact infested with termites and that he was willing to accept it in that condition. It is equally reasonable to assume that appellant's willingness to dispense with a termite inspection was predicated upon his belief that respondents would have made mention of such a condition had it in fact existed. The provision absolving respondents of any warranty was similarly ineffective to render them immune from liability for their own fraud. Civil Code, section 1668, specifically prohibits any such contractual provision. The "as is" provision, as construed in the *Lingsch* case, *supra,* protected respondents from liability only in regard to a defective condition visible to or observable by appellant. It clearly cannot be said as a matter of law that termites and damp rot are such conditions.

When we turn to consider the affidavit of respondent Walter Berkeley, it fails to establish that respondents were guilty of no fraudulent conduct. Affidavits of a party moving for summary judgment must be strictly construed (*McHugh* v. *Howard* (1958) 165 Cal.App.2d 169, 174 [331 P.2d 674]), and the averments in the affidavit must state that the facts alleged are within the personal knowledge of the affiant and thus not hearsay, and that the affiant can testify competently thereto. (*House* v. *Lala, supra,* p. 416.)

The affidavit of respondent Walter Berkeley is devoid of any averment that the affiant has personal knowledge of the facts therein set forth. Of particular significance, however, is the lack of any averment negating the allegations of the complaint that respondents had actual knowledge of the defective condition of the property and fraudulently concealed this fact from appellant. Even if it could be assumed that respondent's affidavit was sufficient to establish that they made no actual misrepresentations, appellant would still be entitled to judgment upon proof that he had been induced to purchase the property by means of respondents' nondisclosure of a fact materially affecting the value of the property. (*Lingsch* v. *Savage, supra,* at p. 738.) Under such circumstances, it clearly cannot be said that respondents were successful in establishing every element necessary to sustain a judgment in their favor.

Judgment reversed.

Agee, J., concurred.