Filed 11/15/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SI 59 LLC, | B285086 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC646851) |
| v. | |
| VARIEL WARNER VENTURES, LLC et al. | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Barbara Ann Meiers, Judge.  Affirmed.

Greenfield Draa Harrington and Brian John Hannon for Plaintiff and Appellant.

Hodel Wilks, Matthew A. Hodel, Frederick L. Wilks, Ashley E. Merlo; Sellar Hazard & Lucia, Christian P. Lucia and Karin L. Landry for Defendants and Respondents.

_____

SI 59 LLC (appellant) appeals from a judgment of dismissal following a demurrer to its Second Amended Complaint (SAC) by Variel Warner Ventures, LLC (Variel Warner), Variel Builders, LLC, (Variel Builders), Verdugo Management & Investment, Inc. (Verdugo), Troxler Residential Ventures XIX, LLC (Troxler), and Troxler Venture Partners, Inc. (Troxler Venture) (collectively respondents).  Also, appellant appeals the postjudgment award of $81,420.25 in attorney fees to Variel Warner, Variel Builders, Troxler, and Troxler Venture.  Appellant posits that the trial court erred when it ruled that the SAC was barred by a general release, and that appellant is not entitled to a declaration that the general release is unenforceable pursuant to Civil Code section 1668.[1]  In the alternative, appellant avers that the trial court abused its discretion by not granting leave to amend the pleading, and that it violated appellant's due process right to notice and an opportunity to be heard by raising new cases and issues at the demurrer hearing.  If we reverse the dismissal, appellant asks that we reverse the award of attorney fees.  We find no error and affirm.

In affirming, we hold that section 1668 negates a contractual clause exempting a party from responsibility for fraud or a statutory violation only when all or some of the elements of the tort are concurrent or future events at the time the contract is signed.  Contrariwise, we hold that section 1668 does not negate such a clause when all the elements are past

---

[1]     All further statutory references are to the Civil Code unless otherwise indicated.
        Section 1668 establishes that a contract that exempts anyone from responsibility for his or her own fraud or violation of the law is against public policy.

2

events. Regarding the element of damages, which is necessary for tort liability, this means that at least some form of economic or physical damage has occurred.

**FACTS**

**The SAC**

The SAC alleged: Variel Warner, Variel Builders, Troxler and Troxler Venture are affiliated with each other. The precise nature of their affiliation is unknown. Verdugo is a general building contractor.

In 2005, Variel Warner entered into a general construction contract with Verdugo to construct improvements at an 85-unit apartment complex (Property). Under the terms of the general construction contract, Verdugo agreed to construct the improvements in a good and workmanlike manner in strict compliance with all drawings and specifications. Verdugo also agreed to comply with all laws. It proceeded to construct the improvements. In doing so, it employed subcontractors to construct the structural concrete slab and then waterproof it. The work of the subcontractors was defective because, inter alia, they violated the California Building Code sections pertaining to flashing, counterflashing, waterproofing, and roof membranes.

The City of Los Angeles issued a Certificate of Occupancy for the Property on December 6, 2007.

On December 17, 2007, Sobrato Interests III (Sobrato) entered into an agreement (Purchase Agreement) to acquire the Property from Variel Warner. Per the Purchase Agreement, Sobrato was not obligated to close escrow until "Final Completion," which was defined to mean, among other things: "(i) all Improvements have been constructed in substantial accordance with all plans and specifications and other applicable

3

provisions of the General Construction Contract . . . and [Sobrato] has been notified that completion of construction has occurred, . . . [and] (v) all requirements in the General Construction Contract for final completion to have occurred thereunder shall have occurred. . . ."

The Purchase Agreement contained a general release stating that Sobrato "shall rely solely upon [its] own knowledge of the Property based on its investigation of the Property and its own inspection of the Property in determining the Property's physical condition, except with respect to . . . [the] representations, warranties and covenants [made by Variel Warner in the Purchase Agreement]. . . ." Sobrato released, inter alia, Variel Warner, Variel Builders, Troxler, Troxler Venture, and Verdugo (except to the extent of Verdugo's general contractor warranty) from all claims arising out of any condition of the Property, including construction errors, omissions or defects. Excluded from the release were any claims that Sobrato may have against Variel Warner for breach of the representations, warranties and covenants in the Purchase Agreement or for fraud.

Prior to escrow, Variel Warner "represented to Sobrato that final completion of construction had occurred and that all requirements of the General Construction Contract for final completion had been satisfied." Variel Warner knew or should have known the representations were untrue. Sobrato reasonably relied on these representations by proceeding with the close of escrow.

In 2008, Sobrato assigned all of its interests in the Property to SI XX, LLC. In 2015, SI XX, LLC assigned all of its interests in the Property to appellant. SI XX, LLC and appellant observed

4

water leaking from the podium and pool deck into the parking garage and causing damage.

Against all respondents, the SAC alleged causes of action for negligence and declaratory relief. Against Variel Warner, Variel Builders, Troxler and Troxler Venture, the SAC also alleged breach of contract.

The negligence cause of action posited that Verdugo negligently constructed or inspected the structural concrete slab and slab waterproofing, and that Variel Warner, Variel Builders, Troxler and Troxler Venture negligently managed, inspected and developed the Property. Because the negligence cause of action incorporated the SAC's general allegations, it included the allegation that Variel Warner made a negligent representation.

The breach of contract cause of action alleged that Variel Warner, Variel Builders, Toxler and Troxler Venture breached the Purchase Agreement by failing to deliver the Property with all improvements having been "constructed in substantial accordance with all plans and specifications" and "the General Construction Contract."

Finally, the SAC sought a declaration that section 1668 renders the general release unenforceable because it purports to exempt respondents from responsibility for their statutory violations and fraud.

**Trial Court Proceedings**

Respondents demurred to the negligence and breach of contract causes of action on the ground they were barred by the general release, and to the declaratory relief cause of action based on the absence of a present controversy regarding the application of section 1668.

At the hearing, sua sponte, the trial court raised two cases it believed were controlling: *Lingsch v. Savage* (1963) 213 Cal.App.2d 729 (*Lingsch*) and *Orlando v. Berkeley* (1963) 220 Cal.App.2d 224 (*Orlando*). It interpreted those cases to mean that section 1668 prohibits a contract that exempts a party from responsibility for its fraudulent failure to disclose a condition that was not observable to the other party. In contrast, the trial court interpreted those cases to hold that section 1668 does not prohibit a contract that exempts a party from responsibility for misrepresentation, whether it is intentional or negligent. The trial court concluded that because appellant did not plead fraudulent nondisclosure, it did not plead around the general release and therefore did not successfully plead causes of action for negligence, breach of contract and declaratory relief.

Also sua sponte, the trial court raised the issue of whether Sobrato's fraud cause of action was assignable and whether it had, in fact, been assigned.

When appellant's counsel suggested that section 1668 rendered the general release unenforceable to the degree it purported to exempt respondents from negligent violations of the building code, the trial court replied, "No, not in this context, not according to those cases." It concluded that *Lingsch* and *Orlando* cover the application of section 1668 to contracts concerning "as is" sales of property.[2]

During the hearing, the trial court recognized that it had raised issues without notice, and that it should allow appellant to supplement its papers. At one point, the trial court gave the parties an opportunity to read *Lingsch* and *Orlando* and then

[2]     The parties do not dispute that the Purchase Agreement provided for an "as is" sale.

6

argue them.  Regarding the assignment issue, it stated, "[I]t might mean that [appellant] would have to go and get an assignment from their seller of all claims . . . , but that would come with leave to amend because the [trial court] has interjected these issues by giving you [*Lingsch* and *Orlando*]."  Then the trial court stated that the parties needed to shepardize *Lingsch* and *Orlando*, adding, "I'll give you a chance to have a further hearing on this point[.]"  According to the trial court, it planned to be guided by *Lingsch*.  Nonetheless, it explained that it would take the matter under submission for 10 days, and said, "File whatever you want.  And if I don't hear anything from anybody, then I'm going to make a ruling[.]"

Neither party filed supplement briefs.

The trial court sustained the demurrer without leave to amend and "dismissed the action without prejudice to [appellant] seeking reconsideration if appropriate within the time frame provided by law."  The minute order explained that appellant failed to plead facts showing a knowing and intentional failure to disclose existing negative conditions at the time of the general release, as required by *Lingsch* and *Orlando*.  It added that "[t]hese cases . . . rely upon the element of fraud as a necessary factor to be proven before the elimination of the efficacy [of the general release] can be established[.]"  Last, it averred that appellant failed to show that a fraud claim can be or has been assigned.

Appellant appealed the judgment.

**Attorney Fees**

The trial court awarded $81,420.25 in attorney fees to Variel Warner, Variel Builders, Troxler and Troxler Venture.

Appellant appealed the award.

7

**DISCUSSION**

## I. Standard of Review.

We apply de novo review to an order sustaining a demurrer. A trial court's decision to deny leave to amend will be left undisturbed unless we conclude that there was an abuse of discretion. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966–967; *Montclair Parkowners Assn. v. City of Montclair* (1999) 76 Cal.App.4th 784, 790.)

## II. Section 1668.

Section 1668 provides: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."

The statute prohibits exculpation from future torts. In fact, multiple cases state that the statute applies only if a future tort is involved. (*Health Net of California, Inc. v. Department of Health Services* (2003) 113 Cal.App.4th 224, 227 [section 1668 prevents a party from imposing a contractual prohibition against the recovery of damages for any future violations of statutory or regulatory law]; *Frittelli, Inc. v. 350 North Canon Drive, LP* (2011) 202 Cal.App.4th 35, 43 ["[T]he public policy disfavoring attempts by contract to limit liability for future torts . . . finds expression in" section 1668]; *Watkins v. Wachovia Corp.* (2009) 172 Cal.App.4th 1576, 1587, fn. 12 [section 1668 only applies to contracts that release liability for future torts].)

Whether section 1668 might apply to past torts is a slippery question. It has been applied to negate exemption clauses that would otherwise proscribe liability for fraudulent inducement of the very contracts with the exemption clauses. (*Blankenheim v.*

8

*E. F. Hutton & Co.* (1990) 217 Cal.App.3d 1463, 1471—1473 (*Blankenheim*) [plaintiffs were fraudulently induced into signing agreements with hold harmless clauses; section 1668 prevented the defendant from relying on the hold harmless clauses to exempt it from "responsibility for its own misrepresentations"]; *Simmons v. Ratterree Land Co.* (1932) 217 Cal. 201, 204 [citing section 1668 and stating "a seller cannot escape liability for" fraudulent inducement of a contract by inserting a release of liability into the contract].)  Undeniably, fraudulent inducement occurs before a contract is signed.  But the reliance is not a past event; the reliance is the signing of the contract and the changing of legal positions, which is concurrent with the exemption clauses.  Moreover, the damages are either concurrent or prospective.  Therefore, in a real sense, the fraud in cases like *Blankenheim* cannot be considered past torts given that the reliance and damages elements of fraud cannot possibly be past events.  (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1239 [reliance and damages are elements of a fraud claim].)  We are not aware of any case law applying section 1668 to torts where all elements are past events.  Under these circumstances, we follow the weight of authority recognizing that section 1668 applies only to concurrent or future torts.

Appellant suggests that *Halliday v. Greene* (1966) 244 Cal.App.2d 482 (*Halliday*) establishes that section 1668 applies to proscribe limitations on liability for past statutory violations.  Appellant misreads the case.  In that case, a contractor built an apartment complex, sold it, and leased it back from the buyer as a general lessee.  The plaintiffs entered into a sublease that contained a hold harmless clause.  Subsequently, the complex caught fire.  The plaintiffs fell on or near an exterior staircase

9

while evacuating from their apartment and suffered injuries. They sued the contractor for, inter alia, negligent construction and design of the staircase. The trial court granted nonsuit after finding that the hold harmless clause precluded recovery. (*Id.* at p. 485.) Because the construction defect constituted a violation of a safety order, the reviewing court concluded that section 1668, rendered the hold harmless clause ineffective. (*Halliday*, *supra*, at p. 488.)

*Halliday* offers appellant no assistance. Although the negligent construction of the stairway preceded the hold harmless clause, there was a continuing dangerous condition. More importantly, that dangerous condition did not cause harm to the plaintiffs until after the hold harmless clause was executed. Thus, for purposes of section 1668, the negligence in *Halliday* was a future tort because the causation and damages elements were future events.

## III. Sufficiency of the Negligence Allegations.

The negligence cause of action contains two claims, one for negligence and one for negligent misrepresentation. As we discuss below, the negligence claim is barred by the general release and the negligent misrepresentation claim is not pleaded with the requisite specificity. Consequently, the demurrer was properly sustained.

### A. *Negligence.*

Based on the allegations, Variel Warner was economically damaged when Verdugo and the subcontractors negligently constructed and waterproofed the structural concrete slab by failing to comply with the building code. Whether Variel Warner knew it at the time, the Property's value was diminished due to the defects. Thus, for purposes of public policy under section

10

1668, the alleged negligent noncompliance with the law as well as some damages were past events when Sobrato signed the Purchase Agreement. In this context, it does not matter that the negligence may have had future consequences. The result is that section 1668 does not prohibit application of the general release as it relates to that negligence.

The alleged negligence of Variel Warner, Variel Builders, Troxler and Troxler Venture in failing to inspect, manage and develop the property was, if anything, a breach of a common law duty of care rather than a statutory violation. As a matter of public policy, there is a difference between Verdugo and the subcontractors directly violating the law versus Variel Warner, Variel Builders, Troxler and Troxler Venture failing to detect that violation. Therefore, as to this alleged negligence, the general release is enforceable.

Appellant suggests that it can sue Verdugo because it obtained an assignment of rights that came from Variel Warner through Sobrato and SI XX, LLC. This argument is a non sequitur. The general release limits Verdugo's liability to its general contractor warranty.

B. *Negligent Misrepresentation*.

Negligent misrepresentation requires an assertion of fact, falsity of that assertion, and the tortfeasor's lack of reasonable grounds for believing the assertion to be true. It also requires the tortfeasor's intent to induce reliance, justifiable reliance by the person to whom the false assertion of fact was made, and damages to that person. (*B.L.M. v. Sabo & Deitsch* (1997) 55 Cal.App.4th 823, 834.) An implied assertion of fact is "not enough" to support liability. (*Wilson v. Century 21 Great Western Realty* (1993) 15 Cal.App.4th 298, 306.)

11

Contrary to what the trial court concluded, section 1668 *does* apply to nullify the general release of the negligent misrepresentation cause of action. (*Blankenheim*, *supra*, 217 Cal.App.3d at pp. 1471–1473.)[3] Respondents do not dispute this. The question remains, however, whether the demurrer was nonetheless properly sustained because appellant failed to otherwise allege sufficient facts to state a cause of action for negligent misrepresentation.

Though respondents suggest to the contrary, the SAC alleges an assertion of fact. Because "Final Completion" was defined in the Purchase Agreement to mean that the Property had been built in substantial compliance with the plans, specifications and provisions of the construction contract, Variel Warner's alleged assertion of "Final Completion" was a shorthand assertion that the defined substantial compliance had in fact occurred. In other words, the assertion was not implied; it had an agreed meaning.

But there are several problems for appellant. Number one, the cause of action was not alleged with sufficient particularity because it did not identify, among other things, who made the representation on behalf of Variel Warner. (*Charnay v. Cobert* (2006) 145 Cal.App.4th 170, 184–185, fn. 14 (fraud and negligent misrepresentation must be pleaded with particularity, with facts showing ""how, when, where, to whom, and by what means the

---

[3]     *Lingsch* and *Orlando* analyzed the scope of "'as is'" clauses in real estate transactions and interpreted them so as not to conflict with the policy embodied in section 1668. (*Lingsch*, *supra*, 213 Cal.App.2d at p. 742 [an as is provision "is ineffective to relieve the seller of either his 'affirmative' or 'negative' fraud"]; *Orlando*, *supra*, 220 Cal.App.2d at pp. 228–229.) They are consistent with *Blankenheim*.

representations were tendered"""].)  Number two, there was no allegation as to why Variel Warner reasonably should have known the representation was false.

## IV.  Breach of Contract.

Based on section 1668, appellant argues that the general release does not bar the breach of contract claim because the breach was accompanied by a negligent misrepresentation that there was final completion.  But the alleged breach—failure to deliver the Property in compliance with the plans, specifications and the requirements of the general construction contract—was not itself a negligent misrepresentation.  Thus, section 1668 is not triggered in this context.  It was appropriate for the trial court to sustain the demurrer.

## V.  Declaratory Relief.

Given that the negligence and breach of contract claims are defective, and given that the SAC does not establish that the general release is unenforceable, appellant was not entitled to declaratory relief in its favor.  Moreover, the trial court was not required to issue a declaration that the general release is, in fact, enforceable.  (*Collins v. Collins* (1957) 48 Cal.2d 325, 333 [where a ruling on one cause of action resolved a controverted issue against plaintiff, declaratory relief regarding that same issue was not required].)

We conclude that the demurrer was properly sustained as to declaratory relief.

## VI. Denial of Leave to Amend.

Appellant suggests the trial court abused its discretion when it declined to allow appellant to amend its pleading. The suggestion does not prevail.

The negligence and breach of contract claims are barred by the general release. As for the negligent misrepresentation and declaratory relief causes of action, we do not see how their defects can be ameliorated.

We note that appellant informs us that, given a chance, it would allege that on December 10, 2007, Mac Chandler (Chandler), acting on behalf of Variel Warner, sent an e-mail to Sobrato agents stating that "on Thursday [December 13, 2007], we anticipate sending you a notice that [Variel] has met the conditions of final completion." But appellant does not indicate that Chandler ever sent the notice of Final Completion to Sobrato. In our view, Chandler's statement about anticipating sending notice of Final Completion does not equate to actual notice of Final Completion. In other words, it is merely a statement of his anticipation; it is not a statement that Final Completion had occurred.

Another problem is the justifiable reliance element. In the Purchase Agreement, Variel Warner expressly disclaimed "Knowledge of any material default" by Variel Warner, thereby disclaiming any knowledge of the condition of the Property. The Purchase Agreement also expressly tasked Sobrato with conducting its own investigation and inspection in determining the physical condition of the Property. Thus, even if Variel Warner misrepresented final completion, appellant has not established—by argument or by authority on point—that its reliance could be justified in the face of the foregoing provisions.

14

We need not analyze this issue further because "[i]t is not our responsibility to develop an appellant's argument." (*Alvarez v. Jacmar Pacific Pizza Corp.* (2002) 100 Cal.App.4th 1990, 1206, fn. 11.)

**VII.  Due Process.**

According to appellant, the trial court denied it due process when it sustained the demurrer based solely on cases and issues raised sua sponte by the trial court at the demurrer hearing. (*Traverso v. People ex rel. Dept. of Transportation* (1993) 6 Cal.4th 1152, 1169 [due process requires, at a minimum, notice and an opportunity to be heard].)  We disagree.  The trial court provided appellant with a 10-day opportunity to supplement its briefing.  Appellant cannot be heard to complain after it did not embrace the opportunity.

**VIII.  Attorney Fees.**

Given that we are affirming the judgment of dismissal, the issue of attorney fees is moot.

**DISPOSITION**

The judgment is affirmed.  Respondents shall recover their costs on appeal.

**CERTIFIED FOR PUBLICATION**.

_____, Acting P. J.
ASHMANN-GERST

We concur:


_____, J.        _____, J.
CHAVEZ                      HOFFSTADT