Filed 9/29/23  P. v. Vigil CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAVID RICHARD VIGIL,<br><br>        Defendant and Appellant. | A164977<br><br>(Alameda County<br>Super. Ct. No. 178803) |

In September 2015, defendant and appellant David Richard Vigil (appellant) and a companion fired 13 bullets into a parked vehicle at close range, killing the driver and passenger.  As to the driver, a jury convicted appellant of voluntary manslaughter on a sudden quarrel/heat of passion theory (Pen. Code, § 192, subd. (a)).[1]  As to the passenger, the jury convicted appellant of second degree murder (§ 187).  The jury also convicted appellant of shooting into an occupied vehicle (§ 246).  Appellant's motion for new trial was denied.

In April 2022, the trial court sentenced appellant to 30 years to life in prison on the charge of shooting into an occupied vehicle, comprised of five years on the charge and a 25-years-to-life firearm enhancement (§ 12022.53, subd. (d)).  The court also imposed sentences for the voluntary manslaughter

_____

[1] All undesignated statutory references are to the Penal Code.

1

and murder convictions, with enhancements, that were stayed under section 654.

Surveillance video admitted into evidence at trial showed that, on the night in question, appellant slowly drove past the victims' parked car, then reversed and pulled alongside the parked car for almost 30 seconds, then moved forward to allow another car to pass, and then reversed and parked alongside the victims' car. Appellant and his companion exited the car, appellant approached the victims' vehicle on foot, and then appellant reached into the driver's window of the parked car. Immediately thereafter, appellant stepped back and repeatedly fired a gun into the parked car, as did his companion. From the video, it appears the firearms possessed by appellant and his companion were readily available as they approached the victims' car. Appellant was also shot. When the police responded to the scene, they found the driver had a firearm in his lap and they found one bullet casing that matched the gun.

At trial, appellant testified that when he first approached the parked car, he asked to buy marijuana and the driver responded, "Well, who the fuck are you?" He further testified that, when he approached the parked car on foot (after allowing another car to pass), he reached in because he saw the driver pulling out a firearm. Appellant then pulled out his gun and shot into the parked car because he believed his life was in danger.

On appeal, appellant first contends the trial court erred in instructing the jury pursuant to CALCRIM No. 3471 that, "A person who starts a fight has a right to self-defense only if . . . He actually and in good faith tried to stop fighting . . . ." Appellant argues that no substantial evidence supported the giving of the instruction (*People v. Wilson* (2005) 36 Cal.4th 309, 331) and that there is a reasonable probability the jury relied on the instruction in

2

rejecting his self-defense claim (*People v. Campbell* (2020) 51 Cal.App.5th 463, 493).

We disagree. In arguing there was insufficient evidence appellant started a fight, appellant relies entirely on statements to that effect by the trial court at the hearing on his motion for new trial. In fact, there was evidence from which the jury could reasonably infer appellant started a fight with the victims. The jury could infer appellant was not telling the truth about the nature of his initial exchange with the victims, because his testimony described a very brief exchange, while the video showed appellant's car was alongside the parked car for almost 30 seconds. Further, the jury could infer from the video that appellant and his companion had guns at the ready when appellant approached the parked car on foot, and the jury could infer that reaching into the driver's window was a hostile act, particularly given the dark and vacant street shown in the video.

Respondent argues in its brief on appeal that appellant's conduct was sufficiently threatening to support a finding appellant started a fight. Appellant does not argue to the contrary in his opening brief, and he failed to file a reply brief addressing respondent's argument. "We need not analyze this issue further because '[i]t is not our responsibility to develop an appellant's argument.' " (*SI 59 LLC v. Variel Warner Ventures, LLC* (2018) 29 Cal.App.5th 146, 156 (*SI 59 LLC*); see also *People v. Stanley* (1995) 10 Cal.4th 764, 793 (*Stanley*) [" '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' "]; *Supervalu, Inc. v. Wexford Underwriting Managers, Inc.* (2009) 175 Cal.App.4th 64, 81 (*Supervalu*) [" 'It is the duty of [appellant's]

counsel, not of the courts, "by argument and the citation of authorities to show that the claimed error exists." ' "].)[2]

Appellant also contends the trial court erred in failing to give an instruction on transferred intent. "The doctrine of transferred self-defense . . . applies where 'the act [in self-defense] is directed towards the unlawful aggressor and inadvertently results in the injury of a nonaggressive party.' " (*People v. Vallejo* (2013) 214 Cal.App.4th 1033, 1038–1039.) As respondent argues in its brief on appeal, "Here, as indicated by appellant's own testimony, there was a complete absence of any evidence that appellant's act of shooting and killing [the passenger] was by mistake or accident. . . . [W]hen asked whether he cared that [the passenger] was also in the car, appellant only claimed that it 'never crossed [his] mind.' Further, appellant testified that he kept shooting at close range into the car 'to get out of there.' Moreover, the evidence indicates that appellant [and the companion] fired 13 bullets into the vehicle knowing both [the driver and passenger] were in the vehicle." (Citations and emphasis omitted.) Appellant fails to explain in his opening brief how the evidence showed the killing of the passenger was inadvertent, and he failed to file a reply brief addressing respondent's argument. We need not address the issue further. (*SI 59 LLC*, *supra*,

---

[2] Defense counsel did not object to the giving of CALCRIM No. 3471; appellant contends the failure to do so was ineffective assistance of counsel (IAC). Because appellant has not shown it was error to give the instruction, appellant has not shown the failure to object was IAC. (*People v. Beasley* (2003) 105 Cal.App.4th 1078, 1092 ["Counsel's failure to make a futile or unmeritorious objection is not deficient performance."].) We also note that, while appellant argued in his new trial motion that it was error for the trial court to fail to instruct the jury with additional language in CALCRIM No. 3471, he does not properly present that as a claim on appeal.

4

29 Cal.App.5th at p. 156; *Stanley, supra,* 10 Cal.4th at p. 793; *Supervalu, supra,* 175 Cal.App.4th at p. 81.)[3]

## DISPOSITION

The trial court's judgment is affirmed.

_____
SIMONS, Acting P.J.

We concur.

_____
BURNS, J.

_____
CHOU, J.

(A164977)

---

[3] Appellant contends defense counsel's failure to request an instruction on transferred intent was IAC. Because appellant has not shown the evidence supported the giving of the instruction, the claim fails. (*People v. Dennis* (1998) 17 Cal.4th 468, 541 [failure to request instruction not deficient performance where "defendant was not entitled to such an instruction in any event"].)

5