Filed 5/19/25  Corrales v. JPMorgan Chase Bank CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DONNA CORRALES, | F087428 |
| Plaintiff and Appellant, | (Super. Ct. No. BCV-21-100381) |
| v. | |
| JPMORGAN CHASE BANK et al., | **OPINION** |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Kern County.  Thomas S. Clark, Judge.

Law Office of Gilbert Zavala and Gilbert Zavala for Plaintiff and Appellant.

Clark Hill LLP, Tod V. Beebe and Ronald R. St. John for Defendants and Respondents.

-ooOoo-

Plaintiff Donna E. Corrales (Donna) opened a joint savings account at JPMorgan Chase Bank (Chase Bank) with her nephew, Ricky Corrales (Ricky), as a joint owner. Ricky subsequently withdrew a large sum of money from the account and used it to purchase real property, which he placed in the name of himself and his wife, Stephanie

Corrales (Stephanie). Donna brought this lawsuit against Ricky, Stephanie, Chase Bank, and the banker who opened the account, Shannon Russell (Russell). As against Chase Bank and Russell (collectively, Chase), Donna alleged claims for negligent misrepresentation, rescission, and cancellation of a written instrument, asserting Russell misrepresented, and Donna mistakenly believed, that the account was a payable-on-death savings account. Chase brought a motion for summary judgment, which the trial court granted.

Donna appeals, contending the trial court erred in granting summary judgment because: (1) the court abused its discretion in making a blanket ruling on Chase's evidentiary objections; (2) Chase failed to file a statement of undisputed material facts that complied with the California Rules of Court; and (3) she raised a triable issue of material fact on her claims against Chase. Finding no merit to Donna's arguments, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2020, Donna opened a joint savings account at Chase Bank with her nephew, Ricky, which was titled "Donna Corrales-Thomas or Ricky Brian Corrales." According to the personal electronic signature card (signature card), the signers on the account were "Donna Corrales" and "Ricky Brian Corrales." The signature card acknowledged receipt of Chase Bank's written deposit account agreement, which provided that: "This agreement takes the place of any understandings, agreements, representations, and warranties, both written and oral, made prior to or when you entered into this agreement."

### This Lawsuit

In February 2021, Donna filed this lawsuit against Ricky, his wife Stephanie, Chase Bank, and Chase Bank employee Shannon Russell. In a fourth amended complaint filed in April 2022, Donna alleged that she opened the savings account at a Chase Bank branch in Gardnerville, Nevada. Donna deposited into the account the proceeds of the

2.

sale of property located in Gardnerville which she solely owned. Donna believed she was opening a payable-on-death savings account with a designated beneficiary commonly referred to as a "Totten Trust" or transfer-on-death savings account, and that Ricky would be given funds from the account on her death. Donna told Russell that Ricky was to be listed as a payable-on-death beneficiary, and he was not to be a joint owner of the account. In January 2021, Ricky withdrew $418,400.62 from the savings account and he and Stephanie used the money to purchase real property located in Caliente, California. Donna discovered the withdrawal on February 1, 2021, when she went to the bank to conduct a transaction.

Donna alleged three causes of action against Chase:[1] (1) negligent misrepresentation; (2) rescission of contract under Civil Code section 1689; and (3) cancellation of written instrument under Civil Code section 3412. These claims were based on allegations that: (1) Donna was induced to enter into the contract with Chase Bank by Russell's negligent misrepresentation that the signature card was a payable-on-death savings account when the signature card was for a joint savings account; and (2) Donna signed the signature card based on her mistaken belief she was opening a payable-on-death savings account with Ricky as the beneficiary.

### Chase's Summary Judgment Motion

Chase moved for summary judgment on the grounds all claims asserted against Chase failed because the written contract may not be avoided by evidence of a unilateral mistake and allegations of negligent misrepresentation are unsupported by the evidence and do not satisfy the fraud exception to the parol evidence rule. Chase submitted a separate statement of material facts which contained seven undisputed material facts,

---

[1]     The fourth amended complaint included a cause of action for negligence, but Donna dismissed that claim in June 2022.

supported by the declarations of Russell and bank employee, Laura L. Deck, as well as by excerpts of Donna's deposition.

Russell, the banker who opened the joint savings account, declared that Donna and Ricky came to her to open a joint account. Russell explained a joint account to them, following her standard script for joint accounts, including telling them that in a joint account either person can access the account funds. Russell recalled that Donna said Ricky was "her only family and she trusts him." Russell did not perceive that Ricky was exerting any sort of pressure on Donna. Russell opened the joint account as requested.

Donna testified in her deposition that she had never heard of a financial arrangement called a Totten trust and she could not explain what it was. Donna testified she asked the banker if she could open an account with her nephew as beneficiary, so if anything happened to her, he would inherit what she had. The banker responded that they had to put $300 down, which Donna did. The banker got everything ready and set it up. Donna did not recall anything else the banker said.

Donna read and reviewed the papers the banker prepared, but she did not recall telling the banker that there was anything wrong with them. When she looked at the papers, which stated the type of ownership was joint, did not refer to a beneficiary, and did not say anything about death or someone passing, Donna did not recall if she said anything or if she failed to notice those things. She also did not recall saying anything about the document stating that the account title was "Donna Corrales-Thomas or Ricky Brian Corrales."

Chase argued: (1) the signature card and deposit agreement superseded any oral or written prior understandings, agreements, representations or warranties; (2) the remedy for a unilateral mistake is rescission, rather than reformation, which is available only if, among other things, the other party can be placed in the status quo, which was not possible as Chase completed transactions on the account that could not be unwound; (3) Donna could not prove that Russell misrepresented the account as Donna denied

4.

remembering any conversation like that alleged in the fourth amended complaint; and (4) a negligent misrepresentation case could not be made as Russell did not make any material misrepresentation and Donna could not claim reasonable reliance.

***Donna's Opposition***

In opposition, Donna argued that Chase had not conclusively negated any of the requisite elements for negligent misrepresentation, cancellation of written instrument, or rescission. Donna asserted her deposition testimony and declaration she filed in opposition to the motion raised a triable issue of material fact that: (1) Chase negligently misrepresented facts concerning the signature card, namely, that the signature card was a payable-on-death savings account; (2) there was a mistake of fact concerning the nature of the savings account when she executed the signature card; and (3) she signed the signature card under the mistaken belief that she was opening a payable-on-death savings account. Donna also asserted that because the signature card did not reflect her intention when she opened the savings account and she disputed the validity of the signature card, she could use parol evidence to show her intention of setting up a payable-on-death savings account and to rescind the signature card.

Donna's declaration largely mirrored her allegations from the fourth amended complaint. On the issue of whether Russell misrepresented the nature of the savings account to her, Donna stated in her declaration only that Russell "negligently misrepresented to me that the Personal Electronic Signature Card was a payable upon death savings account."

Based on her declaration and deposition testimony, Donna disputed each of Chase's undisputed material facts and submitted additional facts that she claimed were material and disputed. Donna also filed a request for judicial notice, asking the trial court to judicially notice the fourth amended complaint.

5.

***Chase's Reply***

In reply, Chase asserted the evidence showed that Russell presented a written contract for signature that was plainly labeled a joint account, and Donna admitted she read the contract before signing it and did not recall Russell making any statement regarding its content. Chase argued Donna's declaration did not offer any competent facts, only legal conclusions, and in any event, the declaration should be disregarded given Donna's deposition testimony. Chase claimed there was no misrepresentation because there was no competent evidence that Russell made an inaccurate statement regarding the contract. For these reasons, Chase submitted it was entitled to summary judgment.

Chase filed written objections to nine specified portions of Donna's declaration. Chase objected to these portions on grounds that they either were irrelevant and inadmissible, as they contradicted her deposition testimony, or constituted legal conclusions, unqualified legal opinions, and lacked foundation.

***The Trial Court's Ruling Granting Summary Judgment***

A hearing on the summary judgment motion was held on November 17, 2023. The minute order of the hearing states the trial court announced its tentative ruling and presumably after argument, made the following findings and orders. The trial court granted Donna's request for judicial notice and sustained Chase's objections to Donna's declaration. The court found Chase met its burden of establishing a prima facie case and Donna would be unable to prove the elements of her causes of action against Chase. The trial court explained that Chase's seven undisputed material facts clearly showed Donna could not establish Russell made any misrepresentations to her about the joint savings account and, as such, Chase was not negligent and there was no basis to cancel or rescind the parties' contract.

The trial court further explained the burden shifted to Donna to refute Chase's evidence, but she failed to do so. While she disputed each of Chase's seven material

6.

facts, her evidence did not refute them. The trial court found Donna's self-serving declaration did not create a triable issue of material fact regarding the creation of the joint savings account, as Donna admitted she reviewed the documents before she and her nephew signed them, which clearly set forth the account was a joint account with Donna and her nephew as co-owners. The trial court further noted they both signed the document and if Donna truly intended that her nephew would be only a beneficiary, it would not have been necessary for him to sign any documents.

Accordingly, the trial court granted the summary judgment motion and ordered Chase's counsel to prepare the order. The written order, which was filed on November 28, 2023, stated that Donna's request for judicial notice of the fourth amended complaint was granted and Chase's objections to portions of Donna's declaration "numbered as objections one through nine are all SUSTAINED." The order further stated that Chase's summary judgment motion was granted, as the court found that given Donna's deposition testimony presented as an exhibit in support of the motion, Donna was unable to offer any competent admissible evidence to support the allegations of the fourth amended complaint that she was misled concerning the terms of the personal electronic signature card. Accordingly, Chase Bank and Russell were entitled to judgment in their favor and against Donna on all claims asserted against them in the fourth amended complaint.

Judgment was entered on November 28, 2023, which stated that Donna's claims against Chase Bank and Russell were dismissed with prejudice and Donna would take nothing against them.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper only if there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) As a moving defendant, Chase had the initial burden to show Donna's claims

7.

were without merit by showing one or more elements cannot be established. (§ 437c, subd. (p)(2).) Once Chase met this initial burden, the burden shifted to Donna to produce evidence demonstrating the existence of a triable issue of material fact. (*Ibid.*; *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.) If Donna was unable to do so, Chase was entitled to summary judgment as a matter of law and the motion was properly granted. (*Kincaid v. Kincaid* (2011) 197 Cal.App.4th 75, 82.)

On appeal, our task is to independently determine whether a triable issue of material fact exists and whether the moving party is entitled to summary judgment as a matter of law. (*Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1601.) Although summary judgment rulings are reviewed de novo, we review the trial court's evidentiary rulings for abuse of discretion. (*Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 122; *Walker v. Countrywide Home Loans, Inc.* (2002) 98 Cal.App.4th 1158, 1169.) An "erroneous evidentiary ruling requires reversal only if 'there is a reasonable probability that a result more favorable to the appealing party would have been reached in the absence of the error.' " (*Twenty-Nine Palms Enterprises Corp. v. Bardos* (2012) 210 Cal.App.4th 1435, 1449 (*Twenty-Nine Palms*).)

## II.     Procedural and Evidentiary Issues

Before considering the merits of this appeal, we dispense with two arguments advanced by Donna on procedural and evidentiary issues.

First, Donna contends Chase's motion was procedurally deficient because its separate statement did not comply with California Rules of Court, rule 3.1350(d)'s[2] mandate to separately identify: "(A) Each cause of action, claim for damages, issue of duty, or affirmative defense that is the subject of the motion; and [¶] (B) Each supporting material fact claimed to be without dispute with respect to the cause of action, claim for

---

[2]     Subsequent references to rules are to the California Rules of Court.

damages, issue of duty, or affirmative defense." (Rule 3.1350(d)(1).) Donna asserts the trial court should have denied the motion due to this deficiency.

The argument is meritless. The record does not show that Donna raised this procedural issue in the trial court. (*Holt v. Brock* (2022) 85 Cal.App.5th 611, 618–619 [trial court did not abuse discretion by granting summary judgment despite procedural violations where the plaintiff did not raise the issue before the trial court].) Moreover, separately identified issues are required only for "[s]upporting and opposing separate statements in a motion for summary adjudication." (Rule 3.1350(h); see rule 3.1350(b) [when summary adjudication is sought "the specific cause of action, affirmative defense, claims for damages, or issues of duty must be stated specifically in the notice of motion and be repeated, verbatim, in the separate statement of undisputed material facts"].) Because Chase sought summary judgment, the trial court was not compelled to reject the motion on account of the separate statement's format. (*Truong v. Glasser* (2009) 181 Cal.App.4th 102, 118 [finding the court's power to deny a summary judgment motion due to failure to comply with formatting requirements is "discretionary, not mandatory"].)

Donna does not explain how Chase's format of the separate statement prevented her from making her arguments or identifying the evidence available to support them. Since she fails to provide any specific explanation in her appellate brief of how the alleged deficiency impaired her ability to demonstrate material facts were in dispute, she fails to show an abuse of discretion. (*Brown v. El Dorado Union High School Dist.* (2022) 76 Cal.App.5th 1003, 1019, 1020.)

Second, Donna contends the trial court abused its discretion in issuing a blanket grant of Chase's nine objections to her declaration, rather than ruling on the objections individually. She asserts that because the trial court did not rule on each objection individually, we should treat it as if the trial court failed to rule at all. Donna cites *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 255 and footnote 4 (*Nazir*) and *Serri*

9.

*v. Santa Clara University* (2014) 226 Cal.App.4th 830, 857 (*Serri*), for the proposition that blanket rulings, sustaining objections without explanation, constitute an abuse of discretion.

Neither case, however, holds that summarily sustaining multiple evidentiary objections constitutes an abuse of discretion as a matter of law. In *Nazir*, the trial court sustained all but one of 764 defense objections to evidence plaintiff offered in opposition to summary judgment. (*Nazir*, *supra*, 178 Cal.App.4th at p. 255.) The appellate court held that " 'a trial court presented with timely evidentiary objections in proper form must expressly rule on individual objections,' " and determined the court's order sustaining all but one objection was an abuse of discretion. (*Ibid.*)

The appellate court explained "there is no way that the trial court could properly have sustained 763 objections ' " 'guided and controlled … by fixed legal principles,' " ' " because: (1) some sustained objections did not assert any basis for the objection; (2) some were to plaintiff's testimony about his dates of employment, religion, skin color, and national origin; (3) over 250 failed to quote the evidence objected to in violation of rule 3.1354; (4) 27 were to the plaintiff's brief rather than his evidence; and (5) many were frivolous. (*Nazir*, *supra*, 178 Cal.App.4th at pp. 255–256.) Moreover, one objection the trial court overruled should have been sustained, at least in part. (*Id.* at p. 257.) Under these circumstances, the appellate court concluded the evidentiary rulings were "a manifest abuse of discretion," and held all of plaintiff's admissible evidence was properly before it and created a triable issue of fact precluding summary judgment. (*Id.* at pp. 255–256, 257, 264.)

In *Serri*, the defendant university filed 124 objections to 116 of the plaintiff's exhibits and 48 objections to statements in an expert witness declaration, while the individual defendants made 214 objections to nearly every one of plaintiff's exhibits and objected to the expert's declaration. (*Serri*, *supra*, 226 Cal.App.4th at pp. 850–851.) Rather than individually rule on the objections, the trial court sustained them all,

observing that many of the exhibits lacked foundation, were inadmissible hearsay, or were irrelevant as they were not cited in plaintiff's opposition, and many statements in the expert's declaration were not factually supported and constituted improper expert or legal opinion. (*Id.* at pp. 851–852.) The trial court further explained its rulings would not change even if the plaintiff's evidence were admissible. (*Ibid.*)

The appellate court concluded the trial court's blanket ruling did not provide a meaningful basis for review and could be treated as a failure to rule on the objections due to the number of objections and the fact that some were sustained in error. (*Serri, supra,* 226 Cal.App.4th at pp. 856, 857.) Therefore, the appellate court followed *Nazir* and held the trial court abused its discretion by issuing a blanket ruling on the defendants' objections. (*Serri,* at p. 857.)

Nothing like the facts present in *Nazir* and *Serri* is present here, nor does Donna assert any parallel between these cases and her case aside from the fact that objections were made and the trial court sustained them in one ruling. Here, the number of summarily ruled-upon objections—nine—was not even comparable to the number of objections in *Nazir* and *Serri,* the objections were in proper form, and no objection was patently problematic or obviously meritless. Donna has not shown that any of the sustained objections was clearly frivolous or unreasonable. In short, the trial court's evidentiary rulings in this case are not comparable to those in *Nazir* and *Serri* that constituted an abuse of discretion. Therefore, the trial court did not err in issuing a single ruling on the nine objections rather than ruling on them individually.

Even if Donna had shown that the trial court abused its discretion in sustaining any of Chase's objections, such error would not require reversal. To obtain a reversal on appeal, Donna must show that the error was prejudicial. (Cal. Const., art. VI, § 13; *Carnes v. Superior Court* (2005) 126 Cal.App.4th 688, 694 [an appellate court reviews a trial court's rulings on evidentiary objections under the abuse of discretion standard].) " '[A]n erroneous evidentiary ruling requires reversal only "if there is a reasonable

probability that a result more favorable to the appealing party would have been reached in the absence of the error." ' " (*Serri*, *supra*, 226 Cal.App.4th at pp. 857–858, quoting *Twenty–Nine Palms*, *supra*, 210 Cal.App.4th at p. 1449.) Thus, in *Serri*, the appellate court concluded the trial court's error in issuing a blanket evidentiary ruling did not change the outcome of the summary judgment motions because the plaintiff's admissible evidence did not create a triable issue of material fact. (*Serri*, at pp. 857–858.)

Here, Donna does not challenge any specific evidentiary ruling. In a sense, her contention on appeal can be viewed as a "blanket" assertion of error. And Donna has not asserted, much less shown, that she was prejudiced by any specific alleged error or combination of alleged errors related to any of the trial court's evidentiary rulings. We conclude here that any error in the trial court's evidentiary rulings would not change the outcome of Chase's summary judgment motion because Donna failed to create a triable issue of fact, as we explain *post*. (*Twenty–Nine Palms*, *supra*, 210 Cal.App.4th at p. 1449.)

## III. Negligent Misrepresentation

The first claim Donna alleged against Chase was for negligent misrepresentation. "Negligent misrepresentation requires an assertion of fact, falsity of that assertion, and the tortfeasor's lack of reasonable grounds for believing the assertion to be true. It also requires the tortfeasor's intent to induce reliance, justifiable reliance by the person to whom the false assertion of fact was made, and damages to that person." (*SI 59 LLC v. Variel Warner Ventures, LLC* (2018) 29 Cal.App.5th 146, 154.) "An implied assertion of fact is 'not enough' to support liability." (*Ibid.*)

In her negligent misrepresentation claim, Donna alleged that Russell negligently misrepresented, i.e., made a false statement of fact, that the signature card was a payable-on-death savings account and the signature card was necessary to open such an account. In support of its motion, Chase presented evidence that Russell did not make any such statements. Russell declared that she explained the joint account to Donna and Ricky

12.

following her standard script for such an account, including telling them that in a joint account either person can access the account funds.  Moreover, Chase submitted excerpts of Donna's deposition in which she testified:  (1) she did not know what a Totten trust was; (2) she did not remember anything the banker, i.e., Russell, said other than that they had to put $300 down; and (3) Donna reviewed the papers the banker prepared and gave to her, but she did not recall telling the banker there was anything wrong with them.

Based on this evidence, Chase satisfied its burden to negate an essential element of her negligent misrepresentation claim—that Russell made a false statement of fact.  Donna tried to create a triable issue of material fact by stating in her declaration that Russell "negligently misrepresented to me that the Personal Electronic Signature Card was a payable upon death savings account," and that the signature card "was necessary to open a payable on death savings account."

Chase objected to these statements on the grounds that they (1) constituted legal conclusions, unqualified legal opinion, and lacked foundation; (2) were irrelevant and inadmissible; and (3) contradicted Donna's deposition testimony that she could not recall what Russell said.  The trial court sustained these objections.  Other than arguing the trial court erred in issuing a blanket ruling on Chase's objections—a claim we have rejected— Donna does not present any reasoned argument that the trial court erred in sustaining any of these objections.

We nevertheless address the last objection—that Donna's declaration contradicted her deposition testimony.  Under what is sometimes referred to as the "sham declaration doctrine," a party cannot create a triable issue of fact by simply submitting a declaration that contradicts a clear and unequivocal admission in prior discovery.  (See *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 21; *Tiffany Builders, LLC v. Delrahim* (2023) 97 Cal.App.5th 536, 547; *Harris v. Thomas Dee Engineering Co., Inc.* (2021) 68 Cal.App.5th 594, 603.)  Courts are to consider the entirety of the record in determining whether to disregard a contradictory declaration.  (*Tiffany Builders*, at

13.

p. 547; *Harris*, at p. 605.)  Courts must examine "the directness of the asserted contradiction and the plausibility of harmonizing explanations."  (*Tiffany Builders*, at p. 547.)  The doctrine "does not apply where there is a 'reasonable explanation for the discrepancy' or 'countenance ignoring other credible evidence that contradicts or explains that party's answers or otherwise demonstrates there are genuine issues of factual dispute.' "  (*Mackey v. Trustees of California State University* (2019) 31 Cal.App.5th 640, 658.)

Donna's statements in her declaration—that Russell negligently misrepresented that the signature card was a payable-on-death savings account and was necessary to open such an account—directly contradicted Donna's deposition testimony that she could not recall anything Russell said other than they had to put $300 down.  Donna did not provide a reasonable explanation for the discrepancy and there is no other evidence to explain why Donna could not recall what Russell purportedly said.  Thus, Donna's declaration could not create a triable issue of fact as to what Russell stated while Donna and Ricky were opening the account.

Donna contends the trial court improperly weighed the evidence to determine whose version was more likely true.  She asserts her declaration demonstrated sufficient evidence to support judgment in her favor and mandates denial of Chase's motion.  However, given the contradictory nature of her representations—her deposition testimony that she did not recall Russell making any statement about the nature of the account and her declaration that Russell represented that the signature card was for a payable-on-death savings account—the trial court did not impermissibly weigh the evidence.  Instead, the trial court properly determined that due to conflict between her testimony and her declaration, Donna's declaration was insufficient to create a triable issue of fact.  (See *Harris*, *supra*, 68 Cal.App.5th at p. 604 ["*D'Amico* does not state a rule regarding the admissibility of evidence; instead, the case provides guidance in determining whether a

14.

declaration that contradicts prior discovery responses is sufficient to create a triable issue of fact"].)

Donna contends there are triable issues of material fact relating to whether she made a mistake of fact in executing the signature card, namely, whether she mistakenly believed the account was a payable-on-death savings account. However, whether Donna mistakenly believed she was opening a payable-on-death savings account is irrelevant. The only issue with respect to the negligent misrepresentation claim was whether there is a triable issue of fact on the first element of the claim—whether there was a false assertion of fact. (*SI 59 LLC v. Variel Warner Ventures*, *LLC*, *supra*, 29 Cal.App.5th at p. 154.) Because Chase satisfied its burden of showing the negligent misrepresentation claim was without merit by showing Donna could not establish a false assertion of fact, and Donna failed to produce evidence demonstrating the existence of a triable issue of fact on that issue, Chase was entitled to summary judgment on the negligent misrepresentation claim. Put another way, even if there is a triable issue of fact on whether Donna mistakenly believed the account was a payable-on-death savings account, Chase is entitled to summary judgment on this claim.[3]

## IV.    Rescission

Donna alleged a separate cause of action for rescission of the signature card under Civil Code section 1689, subdivision (b)(1), which allows a party to unilaterally rescind a contract if that party's consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence." Donna alleged in her fourth amended complaint that she was entitled to rescission based on Russell's negligent misrepresentation and Donna's mistaken belief as to the nature of the contract. She sought to have the signature card

---

[3]    For this same reason, Donna's contention that parol evidence may be used to show a mistake in a written contract is irrelevant.

15.

declared void because she executed it under a reasonable mistake of fact and based on false representations.

To the extent the rescission claim is based on misrepresentation, it fails for the same reason the negligent misrepresentation claim fails—Donna did not create a triable issue of fact on the issue of whether Russell stated that the account was a payable-on-death savings account or that the signature card was necessary to open such an account. Therefore, she was not entitled to rescission on this basis. This leaves whether there is an issue of fact as to whether there was a unilateral mistake that justifies rescission of the signature card.

A party may rescind a contract if his or her consent was given by mistake. (Civ. Code, § 1689, subd. (b)(1).) "A factual mistake by one party to a contract, or unilateral mistake, affords a ground for rescission in some circumstances." (*Donovan v. RRL Corp.* (2001) 26 Cal.4th 261, 278 (*Donovan*).) Under Civil Code section 1577, a "[m]istake of fact" is defined as "a mistake, not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in: [¶] 1. An unconscious ignorance or forgetfulness of a fact past or present, material to the contract; or, [¶] 2. Belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed."

To establish a unilateral mistake of fact sufficient for the recission of a contract, the defendant must establish: "(1) the defendant made a mistake regarding a basic assumption upon which the defendant made the contract; (2) the mistake has a material effect upon the agreed exchange of performances that is adverse to the defendant; (3) the defendant does not bear the risk of the mistake; and (4) the effect of the mistake is such that enforcement of the contract would be unconscionable." (*Donovan*, *supra*, 26 Cal.4th at p. 282; *Greif v. Sanin* (2022) 74 Cal.App.5th 412, 438.)

The ultimate purpose of rescission is to restore the parties to their pre-contract status quo positions. (*Donovan*, *supra*, 26 Cal.4th at p. 284 ["negligence is no bar to

16.

relief from unilateral mistake if [the] other party can be placed in status quo"]; *Nmsbpcsldhb v. County of Fresno* (2007) 152 Cal.App.4th 954, 959–960 [very definition of rescission is "to 'restore the parties to their former position' "]; *Imperial Casualty & Indemnity Co. v. Sogomonian* (1988) 198 Cal.App.3d 169, 184 [a consequence of rescission is to restore "the parties to their former positions by requiring each to return whatever consideration has been received"].) Here, it is impossible to return the parties to the status quo, which would require Chase to return to Donna the amount she deposited into the joint account, because Ricky withdrew the funds pursuant to the signature card, which authorized him to do so.

Moreover, enforcing the terms of the joint bank account is not unconscionable, as Donna bore the risk of any mistake she made in understanding the account's terms. A mistake of fact caused by neglect of a legal duty, such as by failing to read a contract before signing it or failing to understand its terms, can preclude rescission. (See *Estate of Eskra* (2022) 78 Cal.App.5th 209, 226–230 [party bore risk of mistake when she failed to read prenuptial agreement prior to signing it and consult with independent counsel after initial negotiations]; *Stewart v. Preston Pipeline Inc.* (2005) 134 Cal.App.4th 1565, 1588–1589 [plaintiff bore risk of mistake, precluding rescission, where plaintiff failed to read settlement agreement before signing it]; *Casey v. Proctor* (1963) 59 Cal.2d 97, 104–105 ["plaintiff's failure to read the release, or, if he did read it, his failure to understand that it extended also to claims for personal injuries" precluded him from rescinding the release under his mistaken belief that the release related only to claims for property damage].)

Here, Donna testified at her deposition that she reviewed the papers the banker prepared and read the signature card. As pointed out to Donna at her deposition, the signature card stated, "Type of Ownership, Joint" and "Account Title, Donna Corrales-Thomas or Ricky Brian Corrales," and the signature card did not contain the word "beneficiary" or state anything about interest in the account changing on someone's passing. Donna argues she mistakenly believed the signature card was for a payable-on-

17.

death savings account, but the signature card's terms stated the opposite. Therefore, Donna would have discovered the truth by reading and understanding the signature card. "Failure to make reasonable inquiry to ascertain or effort to understand the meaning and content of the contract upon which one relies constitutes neglect of a legal duty such as will preclude recovery for unilateral mistake of fact." (*Wal-Noon Corp. v. Hill* (1975) 45 Cal.App.3d 605, 615.)

Based on Donna's deposition testimony, Chase has shown that Donna cannot prevail on a rescission claim based on a unilateral mistake of fact. Donna did not submit any evidence to create a triable issue of fact on this issue. Accordingly, Chase was entitled to summary judgment on this claim.

## V.    Cancellation of Written Instrument

The last cause of action against Chase is for cancellation of a written instrument, namely, the signature card. Civil Code section 3412 provides: "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." " 'To prevail on a claim to cancel an instrument, a plaintiff must prove (1) the instrument is void or voidable due to, for example, fraud, and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position.' " (*Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1193–1194.)

Donna alleges the signature card is void or voidable against her because it was obtained through false pretenses, misrepresentations, and her mistaken belief as to its nature. Donna further alleges she signed the signature card under Russell's representation that the signature card was necessary to open a payable-on-death savings account. She seeks to declare the signature card void because it was executed under a reasonable mistake of fact that it was a signature card for a payable-on-death savings account based on Russell's false representations as to its contents. Donna alleges the

signature card, if left outstanding, may cause her serious injury, as she may be required to abide by its legal effect or continue to prosecute this lawsuit based on it.

Concerning Donna's allegation that the signature card is void or voidable based on Russell's allegedly false representation as to the nature of the account, we have already determined there is no triable issue of fact as the undisputed evidence shows that Russell did not make a false representation. As to Donna's allegation that she made a unilateral mistake of fact, Donna cannot maintain a claim on that basis as she should have read the signature card and understood its terms. Accordingly, Donna cannot show an essential element of the cancellation claim—that the signature card is void or voidable. Consequently, the trial court did not err in granting summary judgment in Chase's favor on this claim or any of the claims asserted against Chase.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.


DE SANTOS, J.

WE CONCUR:


PEÑA, Acting P. J.


FAIN, J.*

---

*       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

19.