[No. B067903. Second Dist., Div. One. Aug. 14, 1992.]

AMERICAN ARBITRATION ASSOCIATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PATRICIA CARPENTIER MORGAN et al., Real Parties in Interest.

COUNSEL

Musick, Peeler & Garrett, Marilyn B. O'Toole and John R. Lisenbery for Petitioner.

No appearance for Respondent.

Robert Morgan, in pro. per., Norman A. Mathews and Charles H. Gardner for Real Parties in Interest.

OPINION

VOGEL, J.—The issue before us is whether the arbitral immunity granted by section 1280.1 of the Code of Civil Procedure[1] extends to the American Arbitration Association (AAA). We hold that it does.

FACTS

Patricia Carpentier Morgan and James Vandervoort disagreed about the terms of a lease and Vandervoort initiated arbitration proceedings before the AAA. Vandervoort did not diligently prosecute the arbitration and the AAA gave notice that unless a response was received by February 25, 1991, the matter would be closed, with prejudice. Although no timely response was received, the AAA reopened the case. In August 1991, Morgan sued the AAA for damages and declaratory relief, alleging it should have stuck to its decision to close the case. The AAA demurred, claiming arbitral immunity under section 1280.1. The trial court overruled the demurrer and the AAA filed a petition for writ of mandate. We requested and received opposition

---

[1]Unless otherwise stated, all section references are to the Code of Civil Procedure.

(*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893]) and, for the reasons we now explain, we issue a peremptory writ.

## DISCUSSION

Simply stated, a grant of immunity to an individual arbitrator is illusory unless the same immunity shields the sponsoring association.

*Baar* v. *Tigerman* (1983) 140 Cal.App.3d 979 [211 Cal.Rptr. 426, 41 A.L.R.4th 1004], held that arbitral immunity did not shield an arbitrator sued because he failed to render an award. (*Id.* at pp. 982-986.) It followed, according to the *Baar* court, that because arbitral immunity did not attach to the arbitrator, it would not protect the sponsoring organization. (*Id.* at p. 986; see also *Corey* v. *New York Stock Exchange* (6th Cir. 1982) 691 F.2d 1205, 1211 [extension of arbitral immunity to sponsoring associations is a natural and necessary product of the policies underlying arbitral immunity].)

In 1985, the Legislature adopted section 1280.1 to supersede *Baar* and to expand arbitral immunity to conform to judicial immunity. (*Coopers & Lybrand* v. *Superior Court* (1989) 212 Cal.App.3d 524, 535 [260 Cal.Rptr. 713].) As provided in section 1280.1, "[a]n arbitrator has the immunity of a judicial officer from civil liability when acting in the capacity of arbitrator under any statute or contract. [¶] The immunity afforded by this section shall supplement, and not supplant, any otherwise applicable common law or statutory immunity. [¶] This section shall remain in effect only until January 1, 1996. . . ."

█ Since the Legislature adopted section 1280.1 in direct reaction to *Baar* v. *Tigerman, supra,* 140 Cal.App.3d 979, and created the immunity *Baar* said did not exist, it would seem to follow ineluctably that the Legislature intended, as *Baar* indicated it would, that an immunity available to the arbitrator would serve also to shield the sponsoring organization. (*Id.* at p. 986.) This conclusion is supported by common sense. As the Sixth Circuit pointed out in *Corey* v. *New York Stock Exchange, supra,* 691 F.2d at p. 1211, a refusal to extend immunity to the sponsoring organization would make the arbitrator's immunity illusory. Stated otherwise, it would shift liability rather than extinguish it. (See also *Cort* v. *American Arbitration Ass'n* (N.D.Cal. Mar. 10, 1992) 795 F.Supp. 970.)

Morgan asks us to limit arbitral immunity to the arbitrator, suggesting we ought to be apprehensive about "a sweeping arbitral immunity." (See *Coopers & Lybrand* v. *Superior Court, supra,* 212 Cal.App.3d at p. 540.) This begs the question. As the court recognized in *Coopers & Lybrand,* the Legislature has defined the scope of arbitral immunity and, at least until January 1, 1996, this issue is not subject to debate. (See also *Austern* v. *Chicago Bd. Options Exchange, Inc.* (2d Cir. 1990) 898 F.2d 882, 885-886 [absolute immunity is justified and defined by the *functions* it protects and serves, not by the *person* to whom it attaches].)

Finally, Morgan points to the statutory scheme requiring arbitration of fee disputes between lawyers and clients, specifically subdivision (f) of section 6200 of the Business and Professions Code, to show the Legislature's ability to immunize a sponsoring association when that is its intent—by stating that "the arbitrator . . . as well as the arbitration association and its directors . . . shall have the same immunity which attaches in judicial proceedings." According to Morgan, the failure to include similar language in section 1280.1 demonstrates a legislative intent to limit immunity to individual arbitrators. We disagree. The inclusion of this language at a different time (Stats. 1984, ch. 825, § 1, p. 2851) in a different statute (Stats. 1985, ch. 709, § 1, p. 2341) is not dispositive. (*Associated Home Builders etc., Inc.* v. *City of Livermore* (1976) 18 Cal.3d 582, 594, fn. 10 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038]; *People* v. *Lustman* (1970) 13 Cal.App.3d 278, 288 [91 Cal.Rptr. 548], disapproved on other grounds in *People* v. *Ruster* (1976) 16 Cal.3d 690, 697 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269]; 2B Sutherland, Statutory Construction (5th ed. 1992) §§ 51.01-51.03.) Where, as here, the intent to include sponsoring associations within section 1280.1 is clear, the failure to expressly state that inclusion is immaterial.

We close with the same point we made at the beginning of this discussion. As a practical matter, a grant of immunity to the arbitrator must be accompanied by a grant of the same immunity to the AAA, an entity as indispensable to the arbitrator's job of arbitrating as are the courts to the judge's job of judging. (See *Corbin* v. *Washington Fire and Marine Insurance Co.* (D.S.C. 1968) 278 F.Supp. 393, 398-399, affd. (4th Cir. 1968) 398 F.2d 543.)

## Disposition

Let a peremptory writ of mandate issue, commanding the trial court to (1) vacate its order of June 8, 1992, overruling the AAA's demurrer and (2) enter

a new order sustaining the demurrer without leave to amend, followed by an order of dismissal of the AAA, with prejudice.

Spencer, P. J., and Ortega, J., concurred.

Petitions for a rehearing were denied September 11, 1992.