Filed 8/23/24  Harper v. JAMS CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| RYAN HARPER, | B326854 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV09029) |
| v. | |
| JAMS, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge.  Affirmed.

Ryan Harper, in pro. per., for Plaintiff and Appellant.

Long & Levit and Jessica R. MacGregor for Defendants and Respondents.

## INTRODUCTION

Plaintiff Ryan Harper (Harper), in pro. per., appeals from a judgment of dismissal following the trial court's order sustaining a demurrer without leave to amend brought by defendants JAMS, Inc. and arbitrator, Stephen E. Haberfeld (collectively, defendants). The court found that Harper's claims against defendants were barred by the doctrine of arbitral immunity. We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

Harper's operative pleading is the first amended complaint. We set forth the facts in accordance with the standard governing demurrers: we assume the truth of all well-pleaded facts and accept as true all facts that may be implied or inferred from the facts alleged. (*La Serena Properties, LLC v. Weisbach* (2010) 186 Cal.App.4th 893, 897 (*La Serena Properties, LLC*).) Also, we consider matters that are properly the subject of judicial notice and were considered by the trial court. (*Ibid.*)

In May 2015, the trial court compelled Harper to arbitrate a dispute arising out of his investment in a limited liability company (LLC). The court's order was based on an arbitration provision contained in the operating agreement signed by the parties. In September 2015, Haberfeld, a retired judicial officer, was appointed as the arbitrator in the matter. Harper later amended his complaint in the trial court naming additional defendants, both of whom were then included in the pending arbitration. At one point, the matter was stayed for approximately a year pending Harper's payment of his arbitration fees.

After Harper paid the fees, the stay was lifted. On November 7, 2018, Haberfeld issued a merits order, finding that Harper's claims were time-

barred.  On February 1, 2019, Haberfeld denied Harper's motion for reconsideration and a motion to terminate the arbitration proceedings in his favor.  However, upon Harper's request, Haberfeld granted him leave to amend his claims in January 2019.  On February 15, 2019, Harper filed his amended claims.  Over Harper's objection, a four-day hearing on the amended claims was held in July 2019.  On October 23, 2019, the trial court denied Harper's motions seeking an order requiring the opposing parties to pay his share of the arbitration fees.

On November 5, 2019, Haberfeld issued a comprehensive interim award.  Due to Harper's inability to pay for fees, Haberfeld ordered the opposing parties to pay "all existing and pending costs required to finalize the interim award."  On March 13, 2020, Haberfeld issued a final award in favor of the opposing parties.  On September 15, 2020, Harper filed a motion to vacate the award in the trial court on the grounds: (1) the matter should never have been sent to JAMS because the arbitration agreement designated a different provider and JAMS was neither cost effective nor speedy as advertised; (2) the arbitration award was procured by fraud; (3) his rights were prejudiced by Haberfeld's refusal to postpone a merits hearing and to permit live expert witness testimony, as well as his bias against Harper; and (4) Haberfeld exceeded his contractual duties.  The court denied the motion to vacate and confirmed the final award.

On July 8, 2022, Harper filed the operative complaint asserting ten causes of action against defendants:  fraud by concealment; fraud by intentional misrepresentation; negligence; violation of the California Unfair Competition Law; violation of California's Consumer Legal Remedies Act; violation of California's False Advertising Law; civil extortion; breach of contract; intentional infliction of emotional distress; and injunction.  The

3

gravamen of the complaint was Harper's dissatisfaction with the underlying arbitration. The complaint alleged various misrepresentations and fraudulent conduct by defendants. Defendants demurred to the operative complaint on several grounds, including that Harper's claims were barred by the doctrine of arbitral immunity. Adopting that reasoning, the trial court sustained the demurrer to the entire complaint without leave to amend.

Harper timely appealed.

**DISCUSSION**

I. *Standard of Review*

"'[T]he most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error.' [Citation.]" (*Ruelas v. Superior Court* (2015) 235 Cal.App.4th 374, 383; accord, *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) The fact that an appellant is self-represented does not alter this "most fundamental rule of appellate law." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573; see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985 ["[M]ere self-representation is not a ground for exceptionally lenient treatment. . . . [T]he rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation"].)

A demurrer tests the legal sufficiency of the factual allegations in a complaint. (*Title Ins. Co. v. Comerica Bank–California* (1994) 27 Cal.App.4th 800, 807.) We review de novo the dismissal of a civil action after a demurrer is sustained without leave to amend. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.) "Although a general demurrer does not ordinarily reach affirmative defenses, it 'will lie where the complaint "has included

4

allegations that *clearly* disclose some defense or bar to recovery."' [Citations.] 'Thus, a demurrer based on an affirmative defense will be sustained only where the face of the complaint discloses that the action is necessarily barred by the defense.'" (*Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 726.) "'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.'" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Ibid.*)

We review an order denying leave to amend for an abuse of discretion. "If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) The appellant bears the burden of demonstrating the manner in which the complaint might be amended. (*Ventura29 LLC v. City of San Buenaventura* (2023) 87 Cal.App.5th 1028, 1037; *Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.)

II.    *Analysis*

Harper challenges the application of the doctrine of arbitral immunity to his operative complaint.

Arbitral immunity protects both arbitrators and the organizations that sponsor arbitrations, such as JAMS, from civil liability for conduct in their quasi-judicial capacity. (*Morgan Phillips, Inc. v. JAMS/Endispute, L.L.C.* (2006) 140 Cal.App.4th 795, 800; *American Arbitration Assn. v. Superior Court* (1992) 8 Cal.App.4th 1131, 1134. ) "The purpose of arbitral immunity is to encourage fair and independent decisionmaking by immunizing

arbitrators from lawsuits arising from conduct in their decisionmaking role. [Citations.]  Thus, generally speaking, arbitral immunity 'shields all functions which are "integrally related to the arbitral process." [Citations.]'" (*Morgan Phillips, Inc. v. JAMS/Endispute, L.L.C.*, *supra*, at pp. 800–801.)

Here, Harper fails to carry his burden on appeal.  The opening brief contains only a conclusory argument regarding the trial court's alleged error in sustaining the demurrer.  He contends arbitral immunity does not apply because the operative complaint pertains to defendants' "commercial misconduct," including fraudulent business practices and misrepresentations, which precede the decisionmaking process.  However, Harper does not identify any specific complaint allegations that support his assertion in the briefing.  (See *Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1502; *Sui v. Price* (2011) 196 Cal.App.4th 933, 938 ["The plaintiff 'bears the burden of demonstrating that the trial court erroneously sustained the demurrer as a matter of law'"].)  Moreover, the opening brief is almost entirely devoid of any citation to the record, and most importantly, any citation to the factual allegations in the operative complaint.  (Cal. Rules of Court, rule 8.204(a)(1)(C); *Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205 ["It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations"].)  When "a party fails to support an argument with the necessary citations to the record, . . . the argument [is] deemed to have been waived." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

That said, we conclude there is no merit to Harper's contention that arbitral immunity does not apply to defendants' commercial conduct.  In *La Serena Properties, LLC, supra,* the appellate court extended arbitral

6

immunity to conduct "before the decisionmaking process began" and to false advertising claims. (186 Cal.App.4th at p. 905.) In spite of his attempts to misconstrue the relevant case law, Harper has not cited any authority to the contrary. Harper also has not demonstrated how he would amend his complaint to avoid arbitral immunity. Therefore, we conclude the court was acting within its discretion in denying leave to amend.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

WE CONCUR:

COLLINS, Acting P. J.

MORI, J.

7