Filed 7/10/25  Subcontracting Concepts v. ADR Services CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| SUBCONTRACTING CONCEPTS, LLC,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>ADR SERVICES, INC., et al.,<br><br>    Defendants and Respondents. | G063407<br><br>(Super. Ct. No. 30-2022-01286859)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, William D. Claster, Judge. Affirmed.

Pearl Legal and Carmine J. Pearl II for Plaintiff and Appellant.

Kaufman Dolowich, Andrew J. Waxler and Brian D. Peters for Defendants and Respondents.

\*        \*        \*

California courts have long held that arbitrators are among the quasi-judicial figures entitled to immunity against liability for misconduct or misfeasance in the arbitration process. The immunity "shields all functions which are 'integrally related to the arbitral process'" and acts which are "sufficiently associated with the adjudicative phase of the arbitration to justify immunity." (*Thiele v. RML Realty Partners* (1993) 14 Cal.App.4th 1526, 1530 (*Thiele*), citing *Austern v. Chicago Bd. Options Exchange, Inc.* (2d Cir. 1990) 898 F.2d 882, 886.)

The plaintiff in the present case was involved in a contractual arbitration in which it suffered multiple adverse rulings which it felt did not comport with the rules of the arbitration. Later, it came to know that the neutral making the rulings had not disclosed a malpractice judgment to the parties. After trying and failing to have the neutral disqualified, the plaintiff settled the case and brought a class action complaint against the arbitration company and its principal for multiple consumer fraud-related claims. Plaintiff alleged that the company was not adequately vetting neutrals even as it was advertising the quality of its services.

Despite plaintiff's creative pleading, we conclude that the arbitral immunity extends to its claims because those claims arise from conduct occurring during the arbitration process. Accordingly, we affirm the trial court's ruling sustaining demurrers to plaintiff's complaint without leave to amend.

STATEMENT OF FACTS

Defendant Lucie Barron owns and operates codefendant ADR Services, Inc., (ADR) a firm which provides arbitration and mediation services to the public. ADR allegedly holds itself out as providing "'the highest level of quality, integrity, and efficiency in dispute resolution

services'" as well as guidance to consumers on choosing the correct neutral for their situation.

Plaintiff Subcontracting Concepts, LLC (SCI) was named as a defendant in a wage and hour dispute compelled to arbitration, *Wyatt v. Orange County Courier & Logistics LLLP* (Super. Ct. Orange County, 2017, No. 00937665). Based on ADR's advertising on its website and in marketing e-mails targeting potential customers, SCI decided to hire ADR to appoint a neutral arbitrator to join a three-arbitrator panel in the arbitration.

ADR appointed attorney Robert Friedenberg to serve as neutral in SCI's matter in March 2020, describing him as impartial and someone with significant experience in trials. However, SCI alleged that Friedenberg and ADR failed to disclose the previous existence of a $200 million legal malpractice judgment against Friedenberg.[1]

After his appointment to the case, SCI alleged, Friedenberg behaved and acted in a manner that was not neutral. SCI stated Friedenberg approvingly clapped after SCI's opponents had given their opening statement. Additionally, SCI alleged that Friedenberg failed, even after objections were made, to follow or apply arbitration rules properly. Friedenberg also allegedly stated that SCI's key witness' testimony was compromised because its general counsel was sitting in the room, when no one had objected to his presence and the witness' testimony was consistent with his deposition. When SCI raised these concerns to ADR, its general manager, Haward Cho, and Barron, they allegedly refused to do anything about it.

---

[1] This judgment was overturned in a published decision from Division One of this court, *Piscitelli v. Friedenberg* (2001) 87 Cal.App.4th 953.

3

PROCEDURAL HISTORY

Some reiteration of the procedural history of both the *Wyatt* arbitration and the present case is warranted to understand the issues in this case. We take these facts from the record and documents judicially noticed by the trial court in connection with defendants' demurrers.

*A. Wyatt Lawsuit & Arbitration*

Once Friedenberg was appointed, he ordered the arbitration bifurcated into two phases. Phase I of the arbitration was to resolve whether SCI and its co-party were the plaintiffs' employers, and Phase II was to resolve all other issues in the case. After the evidence in Phase I was presented, Friedenberg issued an e-mailed ruling finding that SCI was a joint employer. The ruling did not contain any reasoning. Rather, Friedenberg stated that a reasoned decision would be issued at the conclusion of Phase II.

SCI responded to Friedenberg's e-mail, objecting to the form of the decision and requested a written, reasoned decision. Friedenberg replied in another e-mail dated January 27, 2021, agreeing to issue a written award for Phase I.

On February 24, 2021, SCI's counsel sent an e-mail to Friedenberg and other counsel, following up on the status of the Phase I ruling. SCI's counsel also sought a continuance of Phase II pending issuance of the ruling. Friedenberg sent an e-mail denying the continuance and ordering the Phase II dates to go forward.

On March 2, 2021, SCI submitted its Phase II arbitration brief. And on or about March 23, 2021, SCI submitted formal objections to the lack of an award as well as other issues. On April 9, 2021, ADR sent an e-mail to the parties indicating it would allow SCI to seek Friedenberg's disqualification in the superior court. It vacated the Phase II arbitration

4

dates then in place–April 12 and 22, 2021–and stayed Phase II pending resolution of the issue by the superior court.

On May 21, 2021, SCI filed a petition with the trial court in the *Wyatt* case to disqualify Friedenberg as an arbitrator and to order a rehearing of the first phase of the arbitration, which SCI claimed was fundamentally unfair and flawed. This request was denied in a minute order dated June 24, 2021.

On March 30, 2022, the *Wyatt* plaintiffs filed a notice of settlement of the entire case. On December 21, 2022, they filed a request for dismissal with prejudice.

B. *SCI Lawsuit Against ADR and Barron*

On October 19, 2022, SCI filed a class action complaint in Orange County Superior Court against ADR and Barron, alleging causes of action for fraud, negligent misrepresentation, false advertising (Bus. & Prof. Code, §17500), and unfair business practices. (Bus. & Prof. Code, §17200.) In the complaint, SCI purported to bring the claims on behalf of a class of consumers who relied on ADR to provide vetted, neutral arbitrators. SCI alleged that ADR failed to properly screen or investigate the backgrounds or neutrality of its arbitrators even while it marketed these services to consumers.

With respect to Friedenberg, SCI alleged that ADR represented that he had significant trial experience, and that ADR failed to disclose the malpractice judgment. SCI further alleged that Friedenberg had biases which made him unsuitable for the case, and even though he failed to disclose them, ADR remained silent. In addition to paying ADR in excess of $45,000 in fees, SCI alleged it also incurred a significant amount of unnecessary legal fees to correct mistakes made by ADR and its representatives.

5

SCI filed a first amended complaint on March 10, 2023, alleging the same claims. The amended pleading clarified that ADR engaged in e-mail advertising to promote neutrals joining ADR without adequately vetting them, and it added other contextual facts around SCI's efforts to object to Friedenberg's handling of the arbitration.

ADR and Barron filed a demurrer in response to the first amended complaint, arguing all claims were barred by the doctrine of arbitral immunity. Further, they argued the fraud and misrepresentation claims were not pleaded with sufficient specificity, and the false advertising and unfair business practices claims lacked commonality and typicality. They also moved to strike SCI's requests for punitive damages and attorney fees.

On June 30, 2023, the trial court sustained the demurrers with leave to amend, holding arbitral immunity applied to all of SCI's claims. It denied the motion to strike as moot.

SCI once again amended its complaint, this time scrubbing any reference to Friedenberg or any specific conduct in the arbitration. Instead, SCI focused its allegations on ADR's alleged failure to vet neutrals and its representations to the public that it was indeed doing so. The pleading also alleged that Barron utilized her psychology training to make misrepresentations to the public about ADR's vetting process.

Once again, ADR and Barron demurred, and once again, the trial court sustained the demurrer on the basis of arbitral immunity, this time without leave to amend.

## DISCUSSION

### I.

#### STANDARD OF REVIEW

On appeal, SCI argues that arbitral immunity does not apply to the allegations it makes because the conduct alleged in the operative pleading is not quasi-judicial in nature or related to the arbitration itself. Furthermore, SCI seeks leave to further amend its complaint in order to state a viable claim.

"'On appeal from a dismissal after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law. [Citations.] We give the complaint a reasonable interpretation, reading it as a whole and viewing its parts in context. [Citations.] We deem to be true all material facts properly pled. [Citation.] We must also accept as true those facts that may be implied or inferred from those expressly alleged. [Citation.] If no liability exists as a matter of law, we must affirm that part of the judgment sustaining the demurrer. [Citation.] [¶] While the decision to sustain or overrule a demurrer is a legal ruling subject to de novo review on appeal, the granting of leave to amend involves an exercise of the trial court's discretion. [Citations.] When the trial court sustains a demurrer without leave to amend, we must also consider whether the complaint might state a cause of action if a defect could reasonably be cured by amendment. If the defect can be cured, then the judgment of dismissal must be reversed to allow the plaintiff an opportunity to do so. The plaintiff bears the burden of demonstrating a reasonable possibility to cure any defect by amendment. [Citations.] A trial court abuses its discretion if it sustains a demurrer without leave to amend when the plaintiff shows a reasonable possibility to

7

cure any defect by amendment. [Citations.] If the plaintiff cannot show an abuse of discretion, the trial court's order sustaining the demurrer without leave to amend must be affirmed.'" (*Balikov v. Southern Cal. Gas Co.* (2001) 94 Cal.App.4th 816, 819–820.)

## II.

### THE TRIAL COURT PROPERLY DETERMINED THAT SCI'S CLAIM WAS COVERED BY ARBITRAL IMMUNITY

"'Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally . . . . ' (*Burchell v. Marsh* (1855) 58 U.S. (17 How.) 344, 349.) Arbitrators have been extended the protection of judicial immunity, because they perform "'the function of resolving disputes between parties, or of authoritatively adjudicating private rights.""" (*In re Marriage of Assemi* (1994) 7 Cal.4th 896, 909.) The Legislature has found that arbitration is a favored method to resolve disputes because it relieves the burden on courts. "This strong policy has created the need for independent judgments which are free from fear of legal action. [Citation.] Arbitral immunity furthers this need." (*Thiele, supra,* 14 Cal.App.4th at p. 1531.)

"The application of arbitral immunity does not turn on whether the act at issue is discretionary instead of ministerial or administrative . . . . the scope of arbitral immunity is 'defined by the functions it protects and serves.'" (*Stasz v. Schwab* (2004) 121 Cal.App.4th 420, 431 (*Stasz*).) Thus, any act related to the arbitral process is protected by the immunity. (*Thiele, supra,* 14 Cal.App.4th at p. 1531.) "California courts have extended arbitral immunity to organizations that sponsor arbitrations." (*Stasz,* at p. 433.)

The trial court here was correct to find that the conduct alleged is integrally connected with the *Wyatt* arbitration and thus protected by arbitral immunity. SCI alleges that ADR and Barron failed to properly vet

8

candidates to be neutrals despite representing to the arbitrating public that they were doing just that. At first blush, this allegation would appear to relate to actions taken prior to any arbitration proceedings–that is, the vetting process undertaken by SCI in choosing candidates to become neutrals on its roster. But the damage SCI suffered was a direct result of the adverse rulings made by Friedenberg in the *Wyatt* arbitration and the refusal of defendants to intervene. Absent these rulings, and absent its involvement in arbitration proceedings, SCI would have no damages and thus no standing to bring this action–a point which the trial court noted during oral argument on ADR and Barron's demurrer.

As the trial court also observed, the allegations made by SCI are not dissimilar from allegations made by the plaintiffs in *La Serena Properties, LLC v. Weisbach* (2010) 186 Cal.App.4th 893 (*La Serena*). In *La Serena*, plaintiffs brought a claim against the American Arbitration Association and its neutral after they discovered the neutral had failed to disclose a longstanding relationship with the family of the opposing counsel; namely, that the neutral was in a romantic relationship with opposing counsel's sister. (*Id.* at p. 897.) The arbitration did not resolve to the plaintiffs' liking, and they moved to set aside the arbitration award and prevailed. Thereafter, the plaintiffs filed a complaint alleging causes of action for fraud, fraudulent concealment, breach of contract, unfair business practices, and negligence. (*Id.* at p. 899.) The plaintiffs alleged in part that the defendants engaged in false advertising by representing to the public that it had qualified and neutral arbitrators. (*Id.* at pp. 899–900.)

The appellate court upheld the trial court's ruling sustaining the defendants' demurrers to the complaint without leave to amend based on arbitral immunity. Even though the plaintiffs sought to hold defendants

9

accountable for supposedly pre-arbitration activity, the *La Serena* court held that appointment of arbitrators is a necessary part of the arbitration process protected by immunity. (*La Serena, supra,* 186 Cal.App.4th at p. 905.) Similarly, the disclosures required to be made by arbitrators are also an integral part of the process. (*Ibid.*) The court held the gravamen of the claims related to the arbitrator's failure to disclose a potential conflict of interest, and the plaintiffs' "creative pleading" could not change that. (*Id.* at p. 906.)

Based on the court's research, only one case to date has permitted an exception to arbitral immunity. (See *Baar v. Tigerman* (1983) 140 Cal.App.3d 979.) In *Baar*, the arbitrator failed to issue an award altogether, and in that case, the Second District Court of Appeal, Division Three, determined that the arbitrator had not engaged in misconduct or improperly handled the arbitration; he had failed to make an award at all. This was a violation of the parties' contractual arbitration rights. (*Id.* at p. 985.) As the *Stasz* court explained, the *Baar* decision led to the passage of Code of Civil Procedure section 1280.1 which codified arbitral immunity for all acts done in the arbitrator's capacity. (*Stasz, supra*, 121 Cal.App.4th at p. 434.)[2] We have found no California case since *Baar* allowing any other exception to arbitral immunity.

As in *La Serena*, here too we must look to the gravamen of SCI's claims, and there can be no doubt that the claims arise out of the *Wyatt*

---

[2] Code of Civil Procedure section 1280.1 expired in 1997 and was not renewed. But as the *Stasz* court observed, neither section 1280.1's enactment nor its repeal preclude application of common law arbitral immunity: "section 1280.1 did not purport to affect arbitral immunity under the common law. Quite the opposite, the statute expressly stated that it was intended to supplement, not supplant, common law rules." (*Stasz, supra,* 121 Cal.App.4th at p. 436.)

arbitration. It is impossible to divorce SCI's concerns from the arbitral process itself.

## III.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING SCI FURTHER LEAVE TO AMEND

We acknowledge that leave to amend is liberally granted, especially where no opportunity to correct a defect has yet been given. (See *Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1227.) Nevertheless, "[l]eave to amend should be denied where the facts are not in dispute and the nature of the claim is clear, but no liability exists under substantive law." (*Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431, 436.) This is such a case.

"The onus is on the *plaintiff* to articulate the 'specifi[c] ways' to cure the identified defect, and absent such an articulation, a trial or appellate court may grant leave to amend 'only if a potentially effective amendment [is] both apparent and consistent with the plaintiff's theory of the case.'" (*Shaeffer v. Califia Farms, LLC* (2020) 44 Cal.App.5th 1125, 1145.) SCI asks for leave to further amend its complaint, but fails to articulate what it might allege which would bring its claims outside the scope of the well-settled and broadly construed arbitral immunity. As such, the trial court did not abuse its discretion in denying SCI leave to further amend its complaint.

## DISPOSITION

The judgment is affirmed. Defendants to recover their costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


SCOTT, J.