Filed 1/28/26  MRV Marketing v. Sonenshine CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MRV MARKETING, LLC, et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>SHEILA PRELL SONENSHINE,<br><br>Defendant and Respondent. | G064003<br><br>(Super. Ct. No. 30-2023-01302917)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Craig L. Griffin, Judge. Affirmed. Request for judicial notice granted in part and denied in part.

DRE and Darren M. Richie for Plaintiffs and Appellants.

Long & Levit and Jessica R. MacGregor for Defendant and Respondent.

We begin by echoing the words of the trial judge in this matter: "The present case is the poster child for arbitrator immunity." MRV Marketing, LLC (MRV), Reynaldo Rivera, and Global Dairy Services, Inc. (collectively, plaintiffs) herein were parties to an arbitration before JAMS. They were offered a list of potential arbitrators whom they could, in the vernacular, "strike and rank." Plaintiffs reviewed profiles on the JAMS website and submitted their list by preference. Honorable Sheila Prell Sonenshine (Ret.) was plaintiffs' fifth choice and was chosen as the arbitrator.

Things did not go as plaintiffs had expected, and plaintiffs decided to do more research into Justice Sonenshine's background. They discovered information that had not been disclosed on Justice Sonenshine's JAMS profile—information which, they felt, reflected on Justice Sonenshine's competence to serve as arbitrator, and which they would have liked to have known. After failing to have Justice Sonenshine disqualified from the case, they sued her for false advertising and other claims.

We hold arbitral immunity bars all of the claims in the plaintiffs' pleading. The cases are clear the scope of California's common law arbitral immunity is broad and covers all functions integrally related to the arbitration process, including disclosures and administrative tasks. We therefore affirm the trial court's ruling sustaining Justice Sonenshine's demurrer without leave to amend.

STATEMENT OF FACTS

Plaintiffs were the named respondents in an arbitration proceeding before JAMS entitled *DeJesse v. MRV Marketing, LLC et al.*, which commenced in 2021. The arbitration pertained to an action brought by

a former MRV member against the remaining members for alleged nonpayment of profit distributions.

JAMS presented plaintiffs with a list of 10 potential arbitrators, and they were asked to strike two names and rank the remainder in order of preference. Because of the nature of the dispute being arbitrated, plaintiffs were seeking someone with experience in business litigation and complex financial matters. Justice Sonenshine's was among the 10 names on the list.

Plaintiffs consulted and relied on JAMS' website to assess the background of each potential arbitrator. Justice Sonenshine's profile on JAMS' website indicated she was the founder and managing partner of a successful law firm and a successful businesswoman. The profile indicated Justice Sonenshine had "founded a federally chartered bank" and "an international mid-market investment banking firm," both of which had been acquired by larger companies. Based on these representations and Justice Sonenshine's advertised background as an entrepreneur, plaintiffs decided not to strike her from the list and ranked her at number five among the eight remaining options.

Justice Sonenshine was appointed as the arbitrator in plaintiffs' case. However, once hearings in the case began, plaintiffs felt Justice Sonenshine appeared "confused about the issues that were the subject of the hearings," and that she "was not competent to hear the matters before her." They began to investigate Justice Sonenshine's background further and discovered she had been named a respondent in two lawsuits.

One of the lawsuits was a class action fraud case against Justice Sonenshine and the investment banking firm she helped found. The other was a lawsuit against Justice Sonenshine and JAMS brought by an individual who claimed Justice Sonenshine had made misleading statements

3

in her JAMS profile. Justice Sonenshine had not disclosed these lawsuits to plaintiffs.

Plaintiffs submitted a letter to Justice Sonenshine, asking her to voluntarily recuse herself from the MRV arbitration, but she declined to do so. JAMS treated plaintiffs' letter as a motion for disqualification pursuant to JAMS rules and denied the motion.

PROCEDURAL HISTORY

Plaintiffs filed a complaint against Justice Sonenshine in Orange County Superior Court alleging a single cause of action for false or misleading advertising under Business and Professions Code sections 17200 and 17500. Justice Sonenshine's counsel immediately initiated a meet and confer process with plaintiffs' counsel regarding a potential demurrer.

Plaintiffs amended their complaint to add two more causes of action: negligence and unfair business practices under Business and Professions Code section 17200. In addition to restitution and compensatory damages, plaintiffs sought two injunctions. The first would enjoin Justice Sonenshine from continuing to market her profile on the JAMS website without disclosing the lawsuits. The second would enjoin Justice Sonenshine from taking any further action as arbitrator in plaintiffs' arbitration case.

Shortly after filing their amended complaint, plaintiffs filed a motion to compel Justice Sonenshine's physical or mental examination, arguing her mental condition was at issue. Justice Sonenshine filed an opposition.

She also filed a demurrer to the amended complaint, alleging all three claims failed to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) Justice Sonenshine argued common law arbitral immunity barred the claims. Her counsel also filed a declaration stating that she had told

4

plaintiffs' counsel the complaint was barred by arbitral immunity and he had nonetheless declined to withdraw it.

The trial court heard oral argument on the demurrer and sustained it without leave to amend.

Plaintiffs timely appealed.

## DISCUSSION

## I.

### STANDARD OF REVIEW

We review an order sustaining a demurrer de novo. (*Center for Environmental Health v. Perrigo Co.* (2023) 89 Cal.App.5th 1, 16.) Additionally, "[a] trial court's decision to deny leave to amend will be left undisturbed unless we conclude that there was an abuse of discretion." (*SI 59 LLC v. Variel Warner Ventures, LLC* (2018) 29 Cal.App.5th 146, 152.)

In "considering an appeal from a judgment entered after the trial court sustained a demurrer without leave to amend, we 'accept as true all well-pleaded facts in the complaint and give a reasonable construction to the complaint as a whole.' [Citations.] In addition, we may consider matters that are properly the subject of judicial notice, and were considered by the trial court." (*La Serena Properties, LLC v. Weisbach* (2010) 186 Cal.App.4th 893, 897 (*La Serena*).)

## II.

### ARBITRAL IMMUNITY

The concept of arbitral immunity is premised on the common law judicial immunity which "protects judges from civil lawsuits for acts performed as part of the judicial function." (*La Serena, supra,* 186 Cal.App.4th at p. 900.) Because arbitration has become "a favored method for the resolution of disputes," California law extends quasi-judicial

5

immunity to public and private arbitrators so they may issue "independent judgments which are free from fear of legal action." (*Thiele v. RML Realty Partners* (1993) 14 Cal.App.4th 1526 (*Thiele*).)

"Arbitral immunity shields all functions which are 'integrally related to the arbitral process.'" (*Thiele, supra*, 14 Cal.App.4th at p. 1530.) "In determining whether absolute immunity applies to the conduct of a public or private arbitrator, 'the courts look at "the nature of the duty performed [to determine] whether it is a judicial act—not the name or classification of the officer who performs it, and many who are properly classified as executive officers are invested with limited judicial powers."'" (*La Serena, supra*, 186 Cal.App.4th at p. 901.) Among the judicial acts protected is the arbitrator's choice to disclose information which "may give rise to a challenge to the judge's impartiality by one of the parties." (*Id.* at p. 902.)

III.

ALL OF THE CLAIMS IN PLAINTIFFS' AMENDED COMPLAINT ARE BARRED BY
ARBITRAL IMMUNITY

The amended complaint alleges three causes of action. The false advertising claim is premised on the allegation Justice Sonenshine made misleading statements in her JAMS profile. The negligence claim alleges Justice Sonenshine failed to take measures to ensure she was competent to handle business litigation matters. And the unfair business practices claim alleges Justice Sonenshine excessively billed for time she did not actually spend on the arbitration. Each type of conduct is barred by arbitral immunity.

A. *False Advertising and Negligence*

Both the false advertising and negligence claims rest on the notion that Justice Sonenshine's JAMS profile was misleading or deceptive.

6

The false advertising claim alleges the profile failed to disclose material information about the lawsuits Justice Sonenshine faced in connection with her entrepreneurial endeavors. And the negligence claim alleges the profile made Justice Sonenshine seem proficient or experienced in business and commercial litigation matters when she really was not.

In *La Serena*, the plaintiff filed a complaint for fraud, concealment, breach of contract, unfair business practices and false advertising. (*La Serena, supra*, 186 Cal.App.4th at pp. 899–900.) The plaintiff alleged that an arbitrator had failed to disclose material information about his romantic relationship with defense counsel's sister. (*Id.* at pp. 897, 898.) The Court of Appeal affirmed the trial court's order sustaining the arbitrator's demurrer, stating, "[W]e have no doubt that the alleged failure to make adequate disclosures of potential conflicts of interest falls within the scope of the absolute immunity for quasi-judicial acts." (*Id.* at p. 903.) This was because adequate disclosure is "[c]entral to impartial decisionmaking by arbitrators." (*Id.* at p. 902.) The court noted: "The responsibility of judges to make such disclosures is well codified under California law." (*Ibid*.)

Here, the information alleged to have been misrepresented did not pertain to conflicts of interest. But it did pertain to competence and Justice Sonenshine's qualifications to serve as arbitrator. Competence, too, is central to a judge's duties. (See, e.g., Cal. Code Jud. Ethics, canon 3B(2) [judges "shall maintain professional competence in the law"].) Thus, the alleged failure to disclose information pertaining to Justice Sonenshine's qualifications and competence is an act subject to arbitral immunity.

Plaintiffs attempt to distinguish their case from *La Serena* by arguing the disclosures there took place after the arbitrator had been appointed. They argue the conduct alleged in their complaint occurred before

Justice Sonenshine was selected as the arbitrator. As Justice Sonenshine argues, this is a distinction without a difference. When plaintiffs began reviewing Justice Sonenshine's JAMS profile, she had already been proposed as a potential arbitrator. The conduct occurred during the process of selecting an arbitrator, which is integrally related to the arbitration itself.[1]

*B. Unfair Business Practices*

The third cause of action in plaintiffs' complaint alleges Justice Sonenshine engaged in fraudulent billing. Plaintiffs contend billing is not a traditional judicial function, and is thus not subject to the immunity, citing *Morgan Phillips, Inc. v. JAMS/Endispute, L.L.C.* (2006) 140 Cal.App.4th 795 (*Morgan Phillips*).[2]

In *Morgan Phillips*, the plaintiffs sued an arbitrator alleging he had improperly withdrawn from the arbitration proceeding without cause after evidence and argument had already been presented. (*Morgan Phillips*, *supra*, 140 Cal.App.4th at p. 800.) The Court of Appeal held that arbitral immunity did not apply because California law recognizes an exception when the arbitrator fails to make any decision at all. (*Id.* at p. 801, citing *Baar v. Tigerman* (1983) 140 Cal.App.3d 979, 983–985.) Because the arbitrator in the

---

[1] This is why *Hopper v. American Arbitration Association, Inc.* (9th Cir., Dec. 7, 2017, No. 16-55573) 2017 U.S. App. LEXIS 26731 does not assist plaintiffs. In *Hopper*, plaintiff alleged the American Arbitration Association gave misleading information to sway the public to choose their services over its competitors. There was no pending or active arbitration at all, and so the immunity clearly did not apply.

[2] Plaintiffs also argue Evidence Code section 703.5 does not prohibit Justice Sonenshine from testifying about her billing. We need not address this issue because we conclude the entire action, including the billing claim, is covered by arbitral immunity.

case had engaged in an "unprincipled abandonment of the arbitration and refusal to make a decision," the conduct was not "sufficiently associated with the adjudicative phase of the arbitration to justify immunity." (*Morgan Phillips*, *supra*, 140 Cal.App.4th at p. 802.)

This case does not fall within the exception. "The application of arbitral immunity does not turn on whether the act at issue is discretionary instead of ministerial or administrative." (*Stasz v. Schwab* (2004) 121 Cal.App.4th 420, 431.) The question is whether the task is integral to the process, and surely, billing is indispensable to the process of private arbitration. (See *Thiele*, *supra*, 14 Cal.App.4th at p. 1530.)

Moreover, the gravamen of the improper billing claim is that Justice Sonenshine billed for time she did not actually spend reviewing materials in the arbitration. But based on the allegations (which, we note, are based only on information and belief), this is simply another way of alleging that Justice Sonenshine mishandled the arbitration or displayed a lack of diligence or competence. As we have already said, such alleged misconduct is covered by the arbitral immunity.

In their reply brief, plaintiffs suggest the fraudulent billing claim falls outside the immunity because the alleged misconduct was intentional. This is irrelevant as "arbitral immunity applies even where the acts alleged are malicious or corrupt." (*La Serena*, *supra*, 186 Cal.App.4th at p. 907.)

Plaintiffs also express concern that there would be no remedy for arbitrator misconduct if arbitral immunity is applied so broadly. We disagree. "Courts have observed that the public interest plaintiffs seek to protect is sufficiently advanced by the remedy of vacation of the arbitration award, which constitutes the sole remedy for arbitrator misconduct." (*La Serena*, *supra*, 186 Cal.App.4th at p. 907.)

9

To that point, Justice Sonenshine asks us to take judicial notice of several documents filed in the arbitration after the judgment in this case was entered. The documents include plaintiffs' petition to vacate the arbitration award. Notably, plaintiffs did not raise any of the same claims regarding misrepresentation, false advertising, negligence, or fraudulent overbilling in their petition to vacate. That would have been the appropriate place to seek the remedy they now seek by way of this lawsuit.[3]

IV.

THE DEMURRER WAS PROPERLY SUSTAINED WITHOUT LEAVE TO AMEND

In their briefing on appeal, plaintiffs ask that we remand the matter so leave may be granted to amend their complaint. Plaintiffs argue they could amend to state other claims based on the alleged overbilling.

While "it is an abuse of discretion to sustain demurrers without leave to amend if there is a reasonable possibility that the plaintiff can amend the complaint to cure its defects," it is plaintiffs' burden to make such a showing. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386). This "showing need not be made in the trial court so long as it is made to the reviewing court." (*Ibid.*)

Here, plaintiffs maintain they could amend the complaint to restyle their fraudulent overbilling claim as a breach of contract or similar claim. But simply renaming the causes of action will not solve the underlying

---

[3] Although on appeal we generally do not review matters occurring postjudgment, this rule is "somewhat flexible." (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.) We take judicial notice of plaintiffs' petition to vacate the award for the sole purpose of noting the arguments made in it which undercut the arguments plaintiffs make here. We deny judicial notice as to all other exhibits submitted by Justice Sonenshine as they are not necessary for us to consider in order to resolve the appeal.

problem with the case itself. Plaintiffs do not offer any additional facts which might take this case outside the scope of the immunity. Leave to amend was properly denied.

## DISPOSITION

The judgment is affirmed. Justice Sonenshine is to recover her costs on appeal.

MOTOIKE, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.